FREDERICK LEUDERS ET AL., APPELLANTS, VS. SARAH L. THOMAS, ET AL., APPELLEES.

1. By the statute, county judges were empowered to authorize a guardian to sell the estate of his ward "under such conditions as the interests of said infant may, in the opinion of said judge, seem to require." In this case the judge made a general, unconditional order permitting the guardian to sell, and the guardian sold the property at private sale: *Held*, That a private sale was not authorized by the order, and was wholly illegal. In the absence of a special order to sell at private sale, if the property could be sold at all under the order, the sale should have been public.

2. Statutory proceedings to divest a minor of his real estate should be strictly pursued.

2. Parties who purchase from a guardian the real estate of his ward should ascertain if he has full legal authority to make a valid title before they deal with him. The doctrine of *caveat emptor* has peculiar application to guardians' sales of real estate, and the purchaser at such sales buys at his peril.

4. In a case where a suit is in reference to specific property which is well described in the pleadings all persons purchasing such property from a party to the suit while the suit is in full prosecution do so at their own peril. They take the risk of the result of the suit, and are concluded by the decree therein, and it is not necessary that they should be made parties thereto. Such is the general doctrine of *lis pendens*.

5. The defendant in his answer alleged that before suit he had sold and conveyed the property to a corporation, which was not a party to the proceeding. A general replication was filed which put this matter of defense in issue. No testimony was offered to sustain the answer: *Held*, That the answer was not sustained, and the decree which by its terms does not effect such a purchaser should not on account of such unsustained defense, be reversed.

Appeal from the Circuit Court for Duval county.

The facts in the case are stated in the opinion of the court.

*R. B. Archibald*, for Appellants.

*H. H. Buckman* and *John Wallace*, for Appellees.

LIDDON, J.:

Sarah L. Thomas and her husband Robert Thomas brought their bill in equity, in April, 1888, in the Circuit Court of Duval county, against Frederick Leuders, as guardian of said Sarah, John R. Burleigh and wife and J. C. Greeley. The purpose of said bill was to obtain an accounting, by said Leuders, as guardian, with said Sarah, his ward, she having attained her majority and become a married woman, and also to set aside as fraudulent and void a sale of the real estate of said Sarah, made by said Leuders as guardian. The sale attacked was a private one without advertisement. The defendants Burleigh and wife were purchasers of said real estate from Leuders as guardian, and the defendant Greeley was a purchaser from Burleigh and wife. The court granted both branches of relief prayed for, setting aside the sale of the real estate by Leuders as guardian as void, and decreeing an accounting by him as to his guardianship of the estate of said Sarah. The defendants appeal from this decree.

The appellants (defendants) expressly state in their brief that they make no objection to that portion of the decree of the court below which directed an accounting by said Leuders as guardian. They allege error only as to that portion which declared the sale of the real estate void, and which directed that all persons claiming said lot by, through or under the defendants, or either of them, since the commencement of this suit, surrender up and deliver to the said complainants possession of said lot without delay.

The sale of the property by the guardian is attacked as having been fraudulently and collusively made, and it is also claimed that the proceedings in the probate court upon which the sale was made were unauthorized by law and were void. The court reaching the conclusion that upon direct attack the sale can not be sustained because illegally made, independent of any question of actual fraud, it is not necessary to consider or state the evidence upon this point. We deem it proper, however, to state that the court is of the opinion that there was not such proof of collusion and actual fraud as would authorize the guardian's sale to be set aside upon that ground.

As to the legality of the notice of the sale, a question before us, we do not pass upon it, for the reason that, admitting that due and proper notice of application to sell was given as required by law, a private sale was wholly unauthorized by law. The order of sale, after reciting the presentation of a petition therefor, and the giving of notice thereof, and the determination of the court that the property was unproductive, and that it would be for the best interest of the minor that the same be sold, concluded as follows: "It is ordered, adjudged and decreed that the said Frederick Leuders be and he is hereby authorized and empowered as

guardian as aforesaid to sell and convey the said real estate for the use and benefit of said minor." By the statute under which the order was made it was "declared lawful to authorize said * * guardian to sell said estate under such conditions as the interests of said infant may, in the opinion of said judge, seem to require." It is insisted by the appellees that the statute gave no jurisdiction to the county judge to grant a general, broad, unconditional power to a guardian to sell the real estate of his ward. Without determining whether a public sale for a fair price after due notice would or would not be upheld under this order, we are clearly of the opinion that a private sale under it should not be sustained. The county judge has power to prescribe the conditions of the sale. If he failed to prescribe the conditions, or to direct a private sale, the sale should have been made as judicial sales generally are—i. e., publicly and after due advertisement. A private sale was not authorized by the order, and was wholly illegal. The general rule is, that statutory proceedings to divest a minor of his real estate should be strictly pursued. They can not be deprived of their property except by "due process of law." In this case there does not appear to have been any report to the court, or any confirmation of the sale, from which a ratification by the court might be inferred. Parties who purchase from a guardian the real estate of his ward should ascertain whether he has full legal authority to make a valid title before they deal with him. In such a case the doctrine of *caveat emptor* has peculiar application, and the purchaser at such sale buys at his peril. Gwynn vs. McCauley, 32 Ark. 97, text 112; Black vs. Walton, Ibid, 321, text 324, and authorities cited.

The appellants also object to that portion of the decree of the Circuit Court which directed that "all persons claiming said lot by, through or under the defendants, or either of them, since the commencement of this suit, surrender up and deliver to the complainants possession of said lot without delay." In a case where the suit is in reference to specific property which is well described in the pleadings, all persons purchasing while the suit is in full prosecution, do so at their own peril. They take the risk of the result of the suit, and are concluded by the decree therein; it is not necessary that they be made parties thereto. Such is the general doctrine of *lis pendens*. 1 Daniell's Ch. Pl. & Pr. (6th ed.), 280 and notes; 13 Am. & Eng. Ency. of Law, note 3, p. 883, pp. 900, 901, and notes.

The answer of the defendant Greeley stated that he had sold and conveyed the property to a corporation, whose name is given, before the commencement of the suit. This matter was not directly responsive to the bill of complaint, and was put in issue by the replication to the answer. No effort was made to prove the allegation. Neither does the decree by its terms expressly affect such purchaser. In such a state of the case we could not reverse a decree upon the appeal of the parties who were before the court, and as to whom the decree was entirely proper.

There is no error in the record, and the decree of the Circuit Court is affirmed.