OLYMPIA McINTYRE, BY HER NEXT FRIEND, WILLIAM
ADAMS, *Appellant,* v. JONAS PARKER AND DANIEL LOCK-
WOOD, *Appellees.*

Opinion filed May 19, 1919.

1. An order for the sale of the interest of an infant in real
   estate is inoperative and the deed made thereunder void un-
   less the provisions of the law have been complied with
   which give to the court jurisdiction of the proceeding under
   which the order is made.

2. The guardian of an infant who desires to sell the real es-
   tate of his ward is required by Section 2616, General Stat-
   utes of Florida, to publish notice of his intention to make
   application to the judge for authority to sell the same, set-
   ting forth in the notice the time and place and to what
   judge the application will be made. The publication of such
   notice is jurisdictional and an order of sale made without
   the publication of such notice is void.

3. Section 1724 of the General Statutes which provides in sub-
   stance that the title of any purchaser of real estate who has
   held posession for five years, when the purchase was for
   full value, without fraud at a sale made by an executor or
   guardian, shall not be questioned by any heir or ward upon
   the ground of any *irregularity* in the proceeding or convey-
   ances, has no application in the case of a sale by a guardian
   under an order of a judge who had no *jurisdiction* to make
   the order of sale.

4. Section 2618, General Statutes, was intended to cure defects
   in sales of the real estate of minors when such sales were
   made through Commissioners appointed by the court instead
   of through executors, administrators or guardians and has
   no application in cases where an order of sale is made with-
   out jurisdiction in the court or judge to make the order.

5. A suit for partition cannot be resorted to as a substitute for the action of ejectment nor used for the sole purpose of testing a legal title or trying an issue as to it.

An Appeal from the Circuit Court for Taylor County; M. F. Horne, Judge.

Decree affirmed.

*W. B. Davis,* for Appellant;

*Wm. T. Hendry,* for Appellees.

ELLIS, J.—This is a suit for partition brought by Olympia McIntyre, a minor, by her next friend, William Adams, against Jonas Parker and Daniel Lockwood. The last named person is a half brother to complainant. A decree *pro confesso* was taken against him. Jonas Parker answered the bill, averring his sole ownership of the property, which consists of one hundred and twenty acres of land in Taylor county. The facts in the case are that the mother of Olympia McIntyre died in October, 1900; Sarah Jackson, who was Olympia's grandmother, died about two months later. Olympia was then about eighteen months old, and she and her half-brother inherited the land. Her father, C. McIntyre, placed the infant daughter in the home of William Adams and wife, who have had the care, custody and rearing of the child. In April, 1901, C. McIntyre, after placing the child in the home of Mr. and Mrs. Adams, applied to the County Judge for Taylor County for letters of guardianship of the two children. At the time of C. McIntyre's marriage with Olympia's mother the latter had a son, Daniel Lockwood, who was then a lad of a few years of age. Letters

of guardianship were granted to C. McIntyre and he proceeded to obtain an order for the sale of the land at private sale. The sale was made in April, 1901, to Jonas S. Parker for two hundred and fifty dollars, which seems to have been a reasonable price for the land at that time. Parker has been in possession of the land, actually occupying and cultivating the same ever since the sale, and claiming the title thereto adversely to all persons.

The application of C. McIntyre to sell the land was not preceded by the publication of any notice in the county when the application was made of his intention to make application to the judge for authority to sell the same, as required by Sections 1924 and 2100, Revised Statutes of Florida, 1892, Section 2616, General Statutes, 1906.

The appellee, Jonas Parker, rests his defense upon Sections 1724 and 2618 of the General Statutes of Florida, 1906. These sections are as follows:

"1724. The title of any purchaser or his assigns who shall have held possession for five years of any real estate purchased for full value at any sale, free from fraud, made by an executor, administrator or guardian, shall not be questioned by any heir, distributee or ward upon the ground of any irregularity in the proceedings or conveyances, if it appear that the proceeds of such sale have been applied bona fide to the object and purpose for which said sale shall have been made; nor shall such title be questioned by any one else who has received the money to which he was entitled, arising from said sale."

"2618. Any sale of real estate heretofore made by any executor, administrator, guardian or commissioner, and any deed made by them respectively under an order of the circuit court or county judge, is hereby made as valid

and effectual as if the law had authorized such sale and deed to be made under such order by the executor, admi'ntrator, guardian or commissioner conducting the same."

The first of these sections was Section 1 of Chapter 3134, Acts of 1879. This court in the case of Deans v. Wilcoxon, 25 Fla. 980, 7 South. Rep. 163, decided in 1889, held that the act was not applicable in cases where there was in fact no sale made under an order of the Probate Court.

In 1874, this court held that an order for the sale of the interests of infants in real estate is inoperative and the deed thereunder is void unless the provisions of the law have been complied with so as to give the court or judge jurisdiction of the proceedings under which the order is made. See Coy, Adm'x v. Downie, 14 Fla. 544. In that case the statute, Thompson's Dig. 225, Acts of 1851, Chap. 381, requiring an advertisement prior to obtaining the order of sale had not been complied with. That decision announced the doctrine that the publication of the notice required by the statute was jurisdictional. The courts of other States have held that the notice is not jurisdictional. The case of Coy, Adm'x. v. Downie, *supra,* however, seems to be in accord with the rule as followed in Illinois, Iowa, Kansas and Mississippi. In Braswell v. Downs, 11 Fla. 62, Mr. Chief Justice Dupont speaking for the court, said: "Whoever undertakes to deal with the property of an infant, must understand that he does so at his peril, and that his acts are always open to the rigid scrutiny of the courts of equity." In the light of these decisions we are of the opinion that the use of the word "irregularity" in Section 1724, General Statutes, Chapter 3134, Acts of 1879, was not intended to include a jurisdictional prerequisite. The statute was not

designed to make valid a void act of the court, to give vitality to that which had no life, to make substantial that which was without substance. In the case of Roberts v. Smith, 72 Fla. 537, 74 South. Rep. 299, cited by appellant, it appeared from the testimony of W. D. Bell, County Judge of DeSoto County, that upon the probate records of that county in Book B, at page 66, "notice of application to sell said minor's land, which notice was in due form and provided that 30 days after the date thereof said petitioner Noah Smith [who had been appointed guardian of the infant] would apply to the county judge of said county for an order to sell the land in question, which notice appeared to have been published in the DeSoto County News, said notice having been filed with the county judge of said county on September 2, 1898." The deed of conveyance offered in evidence recited that Noah Smith as guardian of the infant had applied to the county judge for an order to sell the land and the county judge, after considering the same, did make the order on September 13, 1898. The order of the county judge authorizing the sale and the original order confirming it did not appear in the evidence. The court awarded a new trial in order to allow the plaintiff in error an opportunity of establishing by appropriate proceedings the lost documents. Judge SHACKLEFORD concurred in the conclusion reached upon the ground that the failure of the county judge to record the orders was an irregularity for which the defendant Roberts should not be held accountable, and that the defect was cured by Section 1724, General Statutes. It also appeared in that case that the minor child had received the benefit of the proceeds of the sale.

In the instant case the petition of C. McIntyre as guardian of the infant Olympia does not set forth for

what purpose the sale was desired to be. made, further than to state that he thought "it to be to the best interest of all parties concerned to sell the land," which is very general language. The statute provides that the title of real estate purchased for full value at a sale by a guardian,, after five years' possession by the purchaser or his assigns shall not be questioned for any irregularity in the proceedings or conveyance, "if it *appear that the proceeds of such sale shall have been applied bona fide to the object and purpose for which said sale shall have been made.*" While there is a conflict in the evidence as to what disposition was made by the guardian of the proceeds of the sale, it does not appear that the proceeds were paid over to anyone for the benefit of the children as the court by its order and decree shall have appointed and directed, which was the condition of the bond required by the court to be given by C. McIntyre. Just what the best interest of all parties concerned was does not clearly appear. According to C. McIntyre he at one time gave to Mrs. Adams $225.00 to take up land under the "Timber and Stone Act" and gave her money at other times and "furnished him (William Adams) and his whole family." This is denied by Mrs. Adams and her husband and the daughter Olympia. William Adams said he borrowed $225.00 from McIntyre once, and had not returned it. After that McIntyre said to Adams that if Adams would pay the expense of McIntyre in taking up some land under the "Timber and Stone Act" McIntyre would make a deed to the land to Adams when McIntyre got the land. Adams paid the expense, but McIntyre never made the deed to Adams. Whether this evidence tended to show that McIntyre applied the. proceeds of the sale *bona fide* to the object and purpose of the sale we are not called upon to decide because we think that under the

statute, Section 2616, General Statutes, *supra,* and the decisions of this court, the sale was without authority of law and void.

Section 2618, General Statutes, *supra,* is invoked by defendant in error as validating the sale. The act was passed by the legislature of Florida in 1903. This statute was intended to cure defects in such sales made through a commissioner instead of through an executor, administrator or guardian. Prior to that time the statute provided that the court might upon petition of the executor, administrator or guardian authorize such person acting in such capacity to sell lands of the estate or the ward. The first section of the act authorized the court to direct the sale to be made by a commissioner, and the second section validated all such sales as had theretofore been made by a commissioner. The purpose of the act was not to impart validity to a sale ordered by the court without first obtaining jurisdiction to make the order. To place such a construction upon it would raise the question of its validity as destroying the vested rights of infants to the lands inherited by them and sold by order of the court without due process of law. But it appears from the history and language of the act that it was the intention of the legislature to restrict it to those cases where lands upon the petitions of executors, administrators or guardians had been ordered by the court, when all the requirements of the statutes had been complied with to be sold by commissioners instead of by the petitioner. This being true, the operation of the act will not be extended by construction. 36 Cyc. 1221.

The Chancellor in this cause dismissed the bill of complaint, and from that decree this appeal is taken. Aside from the question of the propriety of a bill for partition

in behalf of a minor by his or her next friend, which may be involved here, we think that ejectment is the proper remedy. Neither the complainant below nor her brother is in possession of the land, nor is there any dispute between them apparently as to the title. The defendant, Parker, is in possession, claiming the land as his own. A suit for partition cannot be resorted to as a substitute for the action of ejectment, nor used for the sole purpose of testing a legal title or trying an issue as to it. See Griffith v. Griffith, 59 Fla. 512, 52 South. Rep. 609. The decree of the Chancellor is affirmed therefore, but without prejudice to the right of appellant to bring her action in ejectment.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND WEST, JJ., concur.