MARION McGRIFF, JOINED BY HER HUSBAND, FRED McGRIFF; W. T. RHODUS, JR., AND GABRIEL RHODUS, BY AND THROUGH THEIR NEXT FRIEND, FRED McGRIFF, *Appellants,* v. S. A. LEONARD AND W. H. LEONARD AS INDIVIDUALS AND AS CO-PARTNERS UNDER THE FIRM NAMES AND STYLE OF LEONARD BROS., AND S. A. & W. H. LEONARD; J. E. McLEOD, W. B. RHODUS AND J. M. ATKINS, *Appellees.*

## Opinion Filed June 1, 1922.

1. The right of a father to appoint a testamentary guardian of the person and estate of his minor child did not exist at common law but is of statutory origin.

2. Powers of testamentary guardians are referable to and dependent upon the statutes under which their appointment is authorized and by which their powers are defined.

3. Under the statute (Sec. 3964, Rev. Gen. Stat. of Fla.), a testamentary guardian in this State may have and exercise such "power over the child and over the property of the child" and is subject "to the same liability as in the case of other guardians."

4. Testamentary guardians may not, by provisions of the will appointing them, be given power exempting them from mandatory statutory provisions regulating the conduct of sales of real estate of minors made by "other guardians."

5. A suit for partition cannot be resorted to as a substitute for the action of ejectment nor used for the sole purpose of testing a legal title or trying an issue as to it.

An Appeal from the Circuit Court for Calhoun County; D. J. Jones, Judge.

*James H. Finch,* for Appellants;

*Carter, Campbell & Carter,* for Appellees.

WEST, J.—The object primarily of this suit is a partition of real estate located in Calhoun County. Complainants, who are appellants here, claim title to an undivided one-half interest in the property as devisees of their father, W. T. Rhodus, Sr. From the allegations of the bill it appears that the testator owned the land jointly with J. M. Fleming, each owning an undivided one-half interest. By his will he bequeathed and devised all his estate, real, personal and mixed, to his wife, Jennie Rhodus, and the heirs of her body begotten by him, the devise to his wife being for life only, with remainder to their children.

The pertinent paragraphs of the will, copy of which is attached thereto and made a part of the bill of complaint, are as follows:

"Item second. I give, devise, bequeath all my estate, real, personal and mixed, wherever the same may be, to my beloved wife, Jennie Rhodus, and the heirs of her body begotten by me, share and share alike; the said bequeath as to the said Jennie Rhodus shall only convey a life estate and upon the death of the said Jennie Rhodus, her share shall revert in fee simple, to all the heirs of her body begotten by me, and in the event of the death of any of said heirs, the same shall go to the heirs of the descendant per stirpes.

"I hereby nominate, appoint and constitute my brother, Edward B. Rhodus and my friend, Dr. J. E. McLeod, as executors of this my last will and testament; and no bond shall ever be required of either of said executor in their fiduciary capacity. And I hereby grant unto my said executors and the survivors of them, full and complete

power and authority to bargain, sell, dispose and to execute and acknowledge all conveyances which may be necessary or proper, to any or all of my said property, and are authorized to sell for cash or upon reasonable credit any of my property, either at public or private sale; and it shall not be necessary for them to apply to any court for power or authority to sell or dispose of any of said property, and they may sell to pay debts or for the division of the proceeds among those entitled, and for any other lawful purpose.

"I also hereby nominate and appoint my brother, Edward B. Rhodus, and my friend, Dr. J. E. McLeod, as guardians of the persons and property of all my minor heirs at my death, begotten of the body of said Jennie Rhodus; and hereby authorize and empower them, and also request that all my minor heirs shall be given a good common school education from their portion of the estate; I further waive any bonds that may be required of them as such guardians by law and hereby authorize and em-power them to sell, dispose of and make and acknowledge conveyances, to any and all property belonging to said minors, without authority or permission from any court."

The bill alleges the death of the testator; the qualification of the executors named in his will, the performance of their duties as such and formal discharge by order of the county judge's court of Jackson County, on August 5, 1909; the qualification on the same day of these in-dividuals as guardians of the persons and the estate of the minor heirs of the testator in accordance with the pro-visions of the will and the issuance of letters of guardian-ship to them from the county judge's court of Jackson County; the death of the widow in the month of Septem-ber, 1916, leaving surviving her Marion Rhodus McGriff,

W. T. Rhodus, Jr., and Gabriel Rhodus, issue of her mar-
riage with W. T. Rhodus, Sr., who thereupon became the
owners in fee of all real estate possessed by their father,
the testator, at the time of his decease, including an un-
divided one-half interest in the property described in the
bill of complaint. It contains also the following paragraph:

"Your orators further aver that heretofore, on the 12th
day of January, 1912, the said J. M. Fleming executed a
deed of conveyance, conveying his half interest in the
aforesaid real estate, to the defendants, S. A. Leonard
and W. H. Leonard, and the said E. B. Rhodus, and J. E.
McLeod, purporting and pretending to act as executors
of the last will and testament of W. T. Rhodus, Sr., joined
in the said deed of conveyance with the said J. M. Flem-
ing, as grantors, and purported and pretended, as execu-
tors of said estate of W. T. Rhodus, Sr., to convey to the
said S. A. Leonard and W. H. Leonard the interest for-
merly owned by the said W. T. Rhodus, Sr., and devised
by the said last will and testament, Exhibit "A," to your
orators, Marion Rhodus McGriff, W. T. Rhodus, Jr., and
Gabriel Rhodus, to the said S. A. Leonard and W. H.
Leonard; that the consideration expressed in the said deed
of conveyance is the sum of $1,700.00; that the said E. B.
Rhodus and J. E. McLeod, at the time of the execution
of the said pretended deed, were not executors of the last
will and testament of W. T. Rhodus, Sr., they having
nearly three years theretofore been discharged as execu-
tors of said estate; that the said pretended conveyance
by the said E. B. Rhodus and J. E. McLeod was not made
in pursuance of any order or authority from any court
having jurisdiction to grant the same, or from any court
whatever; that the said pretended deed of conveyance by
the said E. B. Rhodus and J. E. McLeod was made with-

out authority of any court whatsoever granted to them either as executors, as guardians, or otherwise, that the said pretended conveyance by the said E. B. Rhodus and J. E. McLeod was made without the knowledge or consent of your orators. A copy of the said pretended conveyance is hereto attached, marked Exhibit "D," and is made and prayed to be taken as a part of this bill of complaint."

This deed, dated January 12, 1912, is in the usual form of warranty deeds of real estate and purports, in so far as the interest of the complainants is concerned, to be a conveyance to the grantees named by the executors of W. T. Rhodus, Sr., of the interest which he owned at the time of his death in the land described.

The prayer is that the deed be declared null and void and ineffectual to convey the interest of complainants in the property described, for partition of the land between complainants and the grantees named in the deed, for an accounting by such grantees for timber and naval stores products alleged to have been taken by them from the land, and for general relief.

The bill was demurred to upon various grounds not necessary to be stated. Upon a hearing the demurrer was sustained and this appeal is from the order sustaining the demurrer.

The question of the validity of this deed is dependent upon whether the provisions of the will purporting to vest power in the grantors as guardians to sell and convey real property devised by the testators to the complainants is effectual to accomplish that purpose, it being admitted that at the time of the conveyance complainants were minors and that no order or authority was obtained by the grantors from any court to make such sale and conveyance, and

if so, whether the deed was within the power conferred by the will.

The theory of defendants, appellees here, is that a testator may, by a valid will, vest in executors or testamentary guardians named by him power to dispose of property devised by him in such will without regard to statutes otherwise applicable; and that while in this instance the executors had been formerly discharged before the execution of the deed, they were authorized under the express terms of the will, either as executors or as guardians, to sell and convey the property devised, that their conveyance of the property is referable to the power possessed by them, and that although it purports to be their conveyance as executors, it should be construed as a conveyance by them as guardians. This doctrine generally, in so far as it applies to executors, is supported by the authorities. Lee v. Simpson, 134 U. S. 572; Funk v. Eggleston, 92 Ill. 515, 34 Am. Rep. 136; Doe ex. Dem. Gosson v. Ladd, 77 Ala. 223. And there are cases holding that the same rule applies to testamentary guardians of the estates of minors. Terry v. Rodahan, 79 Ga. 278, 5 S. E. Rep. 38, 11 Am. St. Rep. 420; Thurmond v. Faith, 69 Ga. 832; Campbell v. Mansfield, 104 Miss. 533, 61 South. Rep. 593. However, whether this rule may be applied in the latter class of cases depends largely, if not wholly, upon the statutes authorizing the appointment of testamentary guardians. The right of a father to appoint a testamentary guardian over the persons and estates of his minor children is of statutory origin. It did not exist at common law. *Ex parte Ilchester*, 7 Ves. Jr. 348; Wardell v. Wardell, 9 Allen 518; Ingalls v. Campbell, 18 Ore. 461, 24 Pac. Rep. 904. The powers of such guardians are referable to and dependent upon the statutes under which they are authorized and by which their powers are defined. 12 R. C. L.

1109; Sec. 3964, Rev. Gen. Stats. of Fla.; Thomas v. Williams, 9 Fla. 289. The statute of this State on the subject as originally enacted (Acts of 1828, p. 124) gave to testamentary guardians "power over the child" only and not over the property of the child and subjected him "to the same liability as is and shall be directed by law." Subsequently this statute was so amended as to give such guardian "power over the child and *over the property of the child*" and to subject them "to the same liability as in the case of other guardians." Sec. 3964, Rev. Gen. Stats. of Florida. Therefore, inasmuch as the statute prescribes and limits the power and liability possessed by guardians appointed under its authority to the power and liability of "other guardians," it cannot be construed as authorizing the appointment of a testamentary guardian and conferring upon him by will power to sell and convey real property of his ward irrespective of controlling statutes governing the disposition and conveyance of the property of minors generally. To the extent that the will purports to extend power to the guardians beyond the provisions of the statute, it is nugatory and inoperative.

The demurrer admits the allegation of the bill that the statute (Sec. 3977, Rev. Gen. Stat. of Fla.), prescribing conditions upon which guardians of the estates of minors having the control and management of real estate belonging to them was not observed in making the sale. The deed, therefore, as to the interest of such minors, is void. McIntyre v. Parker, 77 Fla. 690, 82 South. Rep. 253; Leuders v. Thomas, 35 Fla. 518, 17 South. Rep. 633; Coy v. Downie, 14 Fla. 544.

The bill alleges that the defendants, S. A. Leonard and W. H. Leonard, as individuals and as co-partners, are, and have been since January, 1912, in the possession of the

land involved, claiming it as their own.    In McIntyre v. Parker, *supra*, the court said "A suit for partition cannot be resorted to as a substitute for an action of ejectment nor used for the sole purpose of testing a legal title or trying an issue as to it." This being true, the order appealed from will be affirmed but without prejudice to the right of appellants to bring their action in ejectment.

Affirmed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.