ALLIE JEANETTE WILKINS, JOINED BY HER HUSBAND, V. D. S. WILKINS, AND EDGAR EUGENE STOKES, *Plaintiffs in Error*, v. DEEN TURPENTINE COMPANY, A CORPORATION, *Defendant in Error.*

Opinion filed October 20, 1922.

Petition for rehearing denied November 18, 1922.

1. Statutory proceedings to divest a minor of his real estate should be strictly construed.

2. An order for the sale of the interest of an infant in real estate is inoperative and the deed made thereunder void unless the provisions of the law have been complied with which give to the court jurisdiction of the proceedings under which the order is made. (McIntyre v. Parker, 77 Fla. 690, 82 South. Rep. 253.)

3. By Section 2100, Revised Statutes of 1892, guardians of estates of infants were authorized to make sales of lands of such infants "under the circumstances and in the manner provided for the sale of lands by executors and administrators in Section 1924." Section 1924 authorized executors and administrators to make sales of lands, the property of infants within their control and management, when deemed by them expedient to do so, but only, as provided by Section 1925, upon the execution and filing of an additional bond with sureties to be approved by the court in such penalty as the court should fix, conditioned to duly account for the proceeds of the sale, such additioanl bond to be required by the court in the order authorizing such sale.

*Held*: That in a sale by a guardian of the lands of an infant ward "under the circumstances and in the manner provided" (Sec. 2100) for a sale by an administrator or executor of lands of an infant within his control (Sec. 1924), the statutory procedure prescribed in the latter class of cases (Sec. 1925) follows as incidental and by necessary inference in the former, and that since the giving of an additional bond, required in the order allowing the sale, "conditioned to duly account" for the proceeds of the sale, was essential in the one instance, it was likewise essential in the other, and that a failure of the court to require it and of a guardian to give such additional bond rendered the proceeding ineffectual to divest an infant owner of title to land attempted to be sold by his guardian.

4. Parties who purchase from a guardian the real estate of his ward should ascertain if he has full legal authority to make a valid title before they deal with him. The doctrine of *caveat emptor* has peculiar application to guardians' sales of real estate, and the purchaser at such sales buys at his peril. (Leuders v. Thomas, 35 Fla. 518, 17 South. Rep. 633.)

5. Section 2618, General Statutes, was intended to cure defects in sales of the real estate of minors when such sales were made through commissioners appointed by the court instead of through executors, administrators or guardians, and has no application in cases where an order of sale is made without jurisdiction in the court or judge to make the order. McIntyre v. Parker, *supra*.)

A Writ of Error to the Circuit Court for Polk County, John S. Edwards, Judge.

Reversed.

*John W. Bull* and *James F. Glen*, for Plaintiffs in Error;

*Olliphant & Olliphant* and *Wilson & Swearingen*, for Defendant in Error.

WEST, J.—This is an action of ejectment to recover an undivided two-thirds' interest in certain lands in Polk County. The declaration is in the statutory form. The plea, upon which issue was joined, is not guilty. Upon a trial the verdict and judgment were for defendant. To review the judgment plaintiff prosecutes writ of error from this court.

At the trial the following stipulation which had been entered into was offered in evidence.

"For the purpose of facilitating the trial of said cause it is hereby stipulated between the parties as follows:

"1st. That F. M. Stokes died seized and possessed of the lands·in controversy in this suit, leaving him surviving a widow, Mary A. Stokes, who elected to take a child's part in his estate, and two children, the plaintiffs in this suit, Allie Jeanette Stokes (Wilkins) and Edgar Eugene Stokes, and that neither the said Allie Jeanette Stokes Wilkins or Edgar Eugene Stokes made any deed of conveyance of their interest in the premises in controversy.

"It is further stipulated that the plaintiffs shall withdraw their claim to mesne profits set forth in the declaration in this cause, but shall have the right in the event they succeed in recovering the lands in controversy to assert a claim for said mesne profits in some other appropriate proceedings.

"In order to facilitate the proof on the part of the defendant it is further stipulated that the defendants have title to the premises in controversy by proper conveyance from the widow of F. M. Stokes of her undivided one-third (1/3) interest and from the purchaser at a certain guardian's sale had in the County Judge's County (Court), Polk County, Florida, provided the said Guardian's Sale

conveyed title to the purchasers thereat, and that it shall not be necessary for the defendant to prove any claim of title subsequent to the said Guardian's Sale if the Court holds that the said Guardian's sale conveyed title to the purchasers thereat, it being the intention of this stipulation that the plaintiffs shall have made a prima facie case under the first part of this stipulation and that it shall thereupon be the duty of the defendants to produce the record of the proceedings pertaining to the said Guardian's sale, and if the said record shall show a valid guardian's sale then the defendants shall be entitled to a verdict, otherwise the plaintiff shall be entitled to a verdict.

"It is further stipulated that the plaintiff Allie Jeannette Wilkins was born on the 17th day of March, 1890, and that the plaintiff Edgar Eugene Stokes was born on the 22nd day of January, 1897."

Upon the filing in evidence of this stipuation the plaintiffs rested. Thereupon the defendant offered in evidence a transcript of the record of the proceedings in the County Judge's Court of Polk County purporting to show a sale of plaintiff's interest in the premises, to the introduction of which there were objections on various grounds. The objections were overruled by the Court and upon motion of defendant a verdict was directed for defendant. Motion for a new trial was made and denied.

The assignments of errors are predicated upon rulings admitting in evidence for defendant, over objections of plaintiffs, the transcripts of proceedings from the County Judge's Court, refusing to direct a verdict for plaintiffs, directing a verdict for defendant, and denying plaintiff's motion for new trial.

Under the admitted facts it is clear that plaintiffs were entitled to recover unless it is shown that the guardian's

or commissioner's sale operated to divest plaintiffs of their interest in and title to the premises. If, on the other hand, the sale was valid, under the terms of the stipulation defendant was entitled to a verdict and judgment in its favor. The decisive question, therefore, is one of law.

From allegations and recitals contained in the transcript of proceedings in the County Judge's Court it appears that the ancestor of plaintiffs, from whom they derived title to the property by inheritance, was at the time of his death domiciled in Jackson County, Florida; that his widow was appointed guardian of the estate of plaintiffs, who were then minors, by the County Judge's Court of Jackson County on August 21, 1900; that she published notice in Polk County, where the property involved is located, that on October 29, 1900, she would, as guardian, make application to the county judge of Polk County for authority to sell the undivided two-thirds interest of said minors, the plaintiffs, in certain lands located in Polk County; including those in controversy; that pursuant to such application the court made an order of sale in which a commissioner was appointed to "make deeds to said lands" when so sold and directed him to "make report of his action in the premises to this court for confirmation;" that subsequently, on July 15, 1901, the commissioner appointed by the court filed a report that he had sold a portion of such lands, including those involved in this suit, which report, on July 24, 1901, the county judge approved and directed the commissioner to execute a deed to the purchaser. No sale was reported by the guardian.

The primary contention of plaintiff in error, plaintiff below, is that from the transcript offered and received in evidence it is apparent that mandatory provisions of applicable statutes were not observed and that as a result

the proceedings in the county judge's court and sale by the commissioner appointed for that purpose were ineffectual to divest plaintiffs of their title in the property and convey it to the purchaser at the sale. Specifically it is urged that the defect consists in the failure of the court to require by the order authorizing the sale, or of the guardian to furnish an additional or special bond conditioned that she would duly account for the proceeds of such sale; that the execution and fiiling of such bond with sureties to be approved by the court in such penalty as the court should fix was jurisdictional and that the failure to comply with this requirement of the law renders the proceeding void.

The statutes in force when this sale was made was the Revised Statutes of 1892, the applicable provisions of which are concededly section 2100 and pertinent portions of section 1924, which are as follows:

"2100.   Sale of Real Estate.—Guardians of the estate of infants may sell the lands of such infants, whether in or out of the circuit, under the circumstances and in the manner provided for sale of lands by executors and administrators in section 1924."

"1924.   Sale of Real Estate of Infants.—When any executor or administrator shall have the control or management of any real estate the property of an infant and shall think it necessary or expedient to sell the same, it shall and may be lawful for the said executor or administrator to apply either in term time or in vacation, by petition to the county judge or judge of the Circuit Court for the county in which said real estate may be situated, for authority to sell the same, and if the prayer of said petition shall appear to the said judge reasonable and just, he may authorize said executor or administrator to sell said

estate under such conditions as the interests of said infant may, in the opinion of the said judge, seem to require.''

Defendant in error, defendant below, contends, and the trial court seems to have held, that inasmuch as section 2100 refers to section 1924 only, which section contains no provision making the giving of an additional bond a prerequisite or condition to the right of an executor or administrator having the control and management of real estate belonging to an infant to make sale of such property, the procedure being regulated by succeeding sections, that guardians of the estate of minors may be authorized to make sales of lands belonging to them without being required to give such additional bond.

Section 1925, Revised Statutes of 1892, contains the following provision:

''Requiring Additional Bond.—The judge shall, in every order or decree authorizing such sale, require that the executor or administrator shall execute and file in the court a bond with surety or sureties, to be approved by the court or judge, in such penalty as the court or judge shall fix, conditioned to duly account for the same according to law.''

So that not only was such additional bond so conditioned required to be given by an executor or administrator as a condition to his authority to sell land, the property of a minor, in his control or management, but it was expressly made the duty of the judge in authorizing such sale to require ''in every order or decree authorizing'' the sale to be made the execution and filing of such bond with surety or sureties to be approved by the court or judge. We think, therefore, that when the revisors of section 2100 made provision for the sale of real estate of infants by

guardians "in the manner provided for sale of lands by executors and administrators in section 1924," it was their intention, and the intention of the legislature in adopting and enacting the Revised Statutes, that the proceedings in the two cases should be the same, and that the procedure in the one naturally and necessarily follows in the other as incidental thereto. Section 1924 authorized something to be done. The following section (sec. 1925) prescribes how it should be done. This conclusion is reinforced by section 2102 relating to the powers of foreign guardians whereby it is provided that full compliance with the preceding section (sec. 2101) "shall dispense with the necessity of giving bond and security as is required in the case of the sale of lands by domestic guardians," inescapably implying a construction of the statutes on the subject by the revisors and the legislature requiring such additional bond before domestic guardians were authorized to sell lands belonging to their wards.

In Hart v. Stribling, 21 Fla. 136, the court considered a statute (Chap. 381, Acts of 1850, laws of Florida) providing "that the said judge shall require of the said executor, administrator or guardian such additional bond as, in his discretion, may seem to be necessary to protect the interests of the infant." The controlling statute, which we have quoted (sec. 1925, Revised Statutes of 1892) when the sale now being considered was made was obviously materially different.

Power of the county judge to act in this matter was derived wholly from the statute. Unless, therefore, the provisions of the statute were complied with and the order contained sufficient basis for it to rest upon, the deed of the commissioner appointed by the court was void. Burton v. Compton (Okla), 150 Pac. Rep. 1080; Bache-

lor v. Korb, 58 Neb. 122, ·78 N. W. Rep 485, 76 A. S. R.
70. The county judge of Polk County was a stranger ·
to the proceeding in Jackson County. His action can be
upheld only to the extent that it conformed to the stat-
ute authorizing it. Failure of the· court to require by the
"order or decree authorizing such sale" the guardian to
"execute and file in the court" the additional bond which
the statute commands for the protection of the minors
whose property was being sold is such a material departure
from the proceeding authorized as to render its action
nugatory. The order authorizing the sale and appointing a
commissioner to make deeds to the purchasers contains no
such provision and no bond appears to have been given.
Upon the authority of the adjudicated cases by this court
the proceedings were ineffectual to divest plaintiffs in
error of their title to the property. McGriff v. Leonard,
83 Fla. 695, 93 South. Rep. 179; McIntyre v. Parker, 77
Fla. 690, 82 South. Rep. 253; Leuders v. Thomas, 35 Fla.
518, 17 South. Rep. 633; Coy v. Downie, 14 Fla. 544;
Sloan v. Sloan, 25 Fla..53, 5 South. Rep. 603.

In Leuders v. Thomas, *supra,* the court said: ''The gen-
eral rule is, that statutory proceedings to divest a minor
of .his real estate should be strictly pursued. They can-
not ' be deprived of their property except by 'due pro-
cess of law.' * * * Parties who purchase from a guar-
dian the real estate of his ward should ascertain whether
he has full legal authority to make a valid title before
they deal with him. In such a case the doctrine of *caveat
emptor* has peculiar application, and the purchaser at
such sale buys at his peril.''

It has been suggested that section 2618 cures the defect
in this proceeding. That statute, however, does not go to
that extent. In McIntyre v. Parker, *supra,* in consider-

ing the effect of this statute, this court said: "The purpose of the act was not to impart validity to a sale ordered by the court without first obtaining jurisdiction to make the order. To place such a construction upon it would raise the question of its validity as destroying the vested rights of infants to the lands inherited by them and sold by order of the court without due process of law. But it appears from the history and language of the act that it was the intention of the legislature to restrict it to those cases where lands upon the petitions of executors, administrators or guardians had been ordered by the court, when all the requirements of the statutes had been complied with to be sold by commissioners instead of by the petitioner. This being true, the operation of the act will not be extended by construction."

Because of the defect in the order, the sale by the commissioner was unauthorized. Under the terms of the stipulation the verdict should have been for plaintiffs and the trial court erred in not so directing the jury on plaintiff's motion.

The judgment is reversed.

BROWNE, C. J., AND TAYLOR, WHITFIELD AND ELLIS, J. J., concur.