JAMES EDWIN McCAMY, *Apellant,* v. LUCY L. PAYNE, *Appellee.*

Division B.

Opinion Filed February 15, 1928.

*H. S. Glazier,* Attorney for Appellant;

*Massey, Warlow, Carpenter & Fishback,* Attorneys for Appellee.

## ON REHEARING.

BUFORD, J.—This was a suit, as stated in the original opinion filed herein, brought by the appellee seeking to procure a decree to cancel a deed made by a guardian conveying the interest of a minor in real estate. A general demurrer to the bill of complaint was sustained and the bill dismissed.

The order sustaining the demurrer and dismissing the bill was reversed by the original decree of this Court filed on July 13, 1927, on authority of the opinion in the case of Wilkins et al. v. Dean Turpentine Company. (84 Fla. 457, 94 Sou. 508.)

In that case the Court speaking through Mr. Justice WEST and having under consideration the construction of Section 2100, Revised Statutes of 1892, in connection with Sections 1924 and 1925, Revised Statutes of 1892, which were the statutes controlling the question there presented, say:

"2100, Sale of Real Estate. Guardians of the estate of infants may sell the lands of such infants, whether in or out of the circuit, under the circumstances and in the manner provided for sale of lands by executors and administrators in Section 1924."

"1924. Sale of Real Estate of Infants. When any executor or administrator shall have the control or management of any real estate the property of an infant and shall think it necessary or expedient to sell the same, it shall and may be lawful for the said executor or administrator to

apply either in term time or in vacation, by petition to the county judge or judge of the Circuit Court for the county in which said real estate may be situated, for authority to sell the same, and if the prayer of said petition shall appear to the said judge reasonable and just, he may authorize said executor or administrator to sell said estate under such conditions as the interests of said infant may, in the opinion of the said judge, seem to require.''

Defendant in error, defendant below, contends, and the trial Court seems to have held that inasmuch as Section 2100 refers to Section 1924 only, which section contains no provision making the giving of an additional bond a prerequisite or condition to the right of an executor or administrator having the control and management of real estate belonging to an infant to make sale of such property, the procedure being regulated by succeeding sections, that guardians of the estate of minors may be authorized to make sales of lands belonging to them without being required to give such additional bond.

Section 1925, Revised Statutes of 1892, contains the following provision:

'' 'Requiring additional Bond. The judge shall, in every order or decree authorizing such sale, require that the executor or administrator shall execute and file in the court a bond with surety or sureties to be approved by the court or judge, in such penalty as the court or judge shall fix, conditioned to duly account for same according to law.' ''

''So that not only was such additional bond so conditioned required to be given by an executor or administrator as a condition to his authority to sell land, the property of a minor, in his control or management, but it was expressly made the duty of the judge in authorizing such sale to require ''in every order or decree authorizing'' the sale to be made the execution and filing of such bond with

surety or sureties to be approved by the court or judge. We think, therefore, that when the revisors of Section 2100, made provision for the sale of real estate of infants by guardians, ''in the manner provided for sale of lands by executors and administrators in Section 1924,'' it was their intention and the intention of the Legislature in adopting and enacting the Revised Statutes, that the proceedings in the two cases should be the same, and that the procedure in the one naturally and necessarily follows in the other as incidental thereto. Section 1924, authorized something to be done. The following section (Sec. 1925) prescribes how it should be done.''

A petition for rehearing in the case at bar was filed and considered.

Upon further consideration it appears to us that it is clear that the Statutes of the State in force when the order of sale herein challenged was made do not make the requiring of an additional bond of a guardian a prerequisite to the validity of the order of sale of infants' real estate. It may be that on proper showing an additional bond should be required of a guardian as well as of an administrator or executor. This the court has full power to do and the failure to so require might constitute error that may be remedied by appeal or other direct proceedings.

The Statutes in force at the time of the sale here being challenged were contained in the revised and compiled laws known as the General Statutes of 1906, and the controlling section was 2616, as follows:

''When any guardian of the estate of an infant shall have the control or management of any real estate, the property of such infant, and shall think it necessary or expedient to sell the same, it shall and may be lawful for the said guardian to apply either in term time or in vacation, by petition to the county judge or judge of the Circuit Court

for the county in which said real estate may be situated, for authority to sell the same, and if the prayer of said petition shall appear to the said judge reasonable and just, he may authorize said guardian to sell said estate under such conditions as the interests of said infant may, in the opinion of the said judge, seem to require. Such authority shall not be granted unless the guardian shall have given previous notice published once a week for four successive weeks in a newspaper published in the county where the application is made, of his intention to make application to such judge for authority to sell the same, setting forth in said notice the time and place and to what judge said application will be made. If the lands lie in more than one county, application shall be made in each county.''

It is true that Section 2100 of the Revised Statutes of 1892 was omitted from the General Statutes of 1906, and thereby repealed, yet Section 2616, General Statutes of 1906, regulating the sale of infants' real estate is in substance the same as Section 2421, General Statutes of 1906, which was formerly Sec. 1924, Rev. Stats. 1892. However, Section 2422, of General Statutes of 1906, requires that ''in every order or decree authorizing'' a sale by an executor or administrator of real estate of infants, ''the judge shall''—require an additional bond of executors and administrators. Section 2616, was a revision and a reconstruction of Section 2100, and Section 1924, Revised General Statutes of 1892, and is complete within its own terms and does not by reference, or otherwise, include other provisions than those expressed within itself. In this it differs from Section 2100, Revised Statutes of 1892, and thereby it repealed the statutory jurisdictional prerequisite of giving the additional bond as was required by the former statute. In Hamilton v. Rathbone, 175 U. S. Supreme Court

Reports 414, 44 Law Ed. 219, the Supreme Court of the United States said:

"The general rule is perfectly well settled that where a statute is of doubtful meaning and susceptible upon its face of two constructions, the court may look into prior and contemporaneous acts, the reasons which induced the act in question, the mischiefs intended to be remedied, the extraneous circumstances, and the purpose intended to be accomplished by it, to determine its proper construction. But where the act is clear upon its face, and when standing alone it is fairly susceptible of but one construction, that construction must be given to it. Heydon's Case, 3 Coke, 76; United States v. Freeman, 3 How. 556, 11 L. Ed. 724; Smythe v. Fiske, 23 Wall. 374, 23 L. Ed. 47; Platt v. Union, P. R. Co., 99 U. S. 48, 25 L. Ed. 424; Thornley v. United States, 113 U. S. 310, 28 L.Ed. 999, 5 Sup. Ct. Rep. 491; Viterbo v. Friedlander, 120 U. S. 707, 724, 30 L. Ed. 776, 781, 7 Sup. Ct. Rep. 962; Lake County v. Rollins, 130 U. S. 662, 22 L. Ed. 1069, 9 Sup. Ct. Rep. 651; United States v. Goldenberg, 168 U. S. 95, 42 L. Ed. 394, 18 Sup. Ct. Rep. 3."

And again, in the same opinion, the Court considering the construction to be applied to Revised Statutes, say:

"The whole doctrine applicable to the subject may be summed up in the single observation that prior acts may be resorted to, to solve, but not to create, an ambiguity. If 728 were an original act, there would be no room for construction. It is only by calling in the aid of a prior act that it becomes possible to throw a doubt upon its proper interpretation. The word "property" used in 728 includes every right and interest which a person has in lands and chattels, and is broad enough to include everything which one person can own and transfer to another. The main object of the revision was to incorporate all the

existing statutes in a single volume, that a person desiring to know the written law upon any subject might learn it by an examination of that volume, without the necessity of referring to prior statutes upon the subject. If the language of the revision be plain upon its fact the person examining it ought to be able to rely upon it.''

While, as hereinbefore stated, the court might, and in many cases should, require the additional bond to protect the interests of the infant, the failure to do so will not affect the jurisdiction of the court to make the order of sale so as to render the sale void; such failure to require an additional bond of a guardian where under the facts of the case the same should be required may be remedied in direct proceedings to review.

This is not a suit duly brought to impeach the order of sale for essential error, the county judge and the circuit judge having concurrent jurisdiction to order the sale, but this is a suit to cancel the guardian's deed which is a collateral attack on the order of sale. The order of sale is not void and this suit is brought more than thirteen years after the sale was made and nearly three years after the complainant became of age.

It was contended that the publication of notice of application to sell the lands involved was only published twenty-seven (27) days and was, therefore, one day short of the necessary period of twenty-eight (28) days, or four full weeks. It is alleged in the bill, however, that the first publication was made on February 22nd, 1913, and that the sale was made on the morning of March 22nd, 1913. It will, therefore, be observed that the allegation that the notice was only published twenty-seven (27) days is contradicted by the latter statement, which shows upon its face that the required twenty-eight (28) days notice was given.

218

The previous decree by this Court herein is vacated and the decree appealed from is affirmed.

Affirmed.

WHITFIELD, P. J., AND TERRELL, J., concur.

ELLIS, C. J., AND STRUM AND BROWN, J. J., concur in the opinion and judgment.