J. L. CARROLL, F. M. GOLSON and C. C. LIDDON v. DAVID RUSS CARROLL, a Minor, by his Guardian, SALLIE L. RUSS.

·172 So. 916.
Opinion Filed March 5, 1937.

*John H. Carter* and *John H. Carter, Jr.,* for Appellants;
*R. A. McGeachy,* for Appellee.

Davis, J.—In an accounting suit brought against a guard-
ian and his corporate surety we are asked to adjudge that
the decree of the Circuit Court is erroneous because it holds
the guardian liable for losses resulting from an improvident
investment of the ward's funds in a presumably solvent·

business whose subsequent insolvency occasioned their waste despite the fact that the investment had been made in good faith, although absent the approval of the probate court in the making of such investment. We are also asked to hold that a decree of liability predicated upon the guardian's additional bond exacted as a condition to his sale of his ward's real estate, is erroneous because the bond, although actually posted, was wrongfully required by the probate judge on the assumption that the statute (Section 2100 R. G. S. 1892) referred to in Wilkins v. Deen Turpentine Co., 84 Fla. 457, 94 Sou. Rep. 508, was still in force, although it has since been repealed. Other grounds for reversal, but corollary to the foregoing, are also insisted upon and have been considered.

Complainant below, appellee here, alleged in his bill as follows:

That the defendant, J. L. Carroll, was the husband of one Leila Carroll, who died testate in Jackson County about May 4, 1920, leaving as her sole heirs at law the said J. L. Carroll and an infant child, the said David Russ Carroll; that the will devised certain property to said J. L. Carroll, and all the rest of her property, real, personal and mixed wheresoever located to her infant son, David Russ Carroll. That the will was duly probated in Jackson County, and J. L. Carroll was appointed as Executor and qualified as such. That some four years after, on June 16, 1924, said J. L. Carroll was appointed Guardian of the estate of the minor, David Russ Carroll, by the County Judge of Jackson County, and served as such until July 10, 1933, when he resigned; that J. D. Russ was appointed in his place, and Russ died in December, 1933, and Sallie L. Russ, his widow, was appointed. Guardian on January 11, 1934. That the said Leila Carroll on her death bed requested her

husband, J. L. Carroll, to turn the infant child, which was born just before her death, over to her sister, Sallie L. Russ, and to allow her to keep the child and raise it, and that said Sallie L. Russ then had the custody and control of the person of said David Russ Carroll; that said J. L. Carroll failed to file any inventory of the property of said minor or to render any annual accounts to the County Judge, that he received various sums of money during his guardianship, and disbursed various sums, leaving a deficit in his accounts of a large sum; that his appointment as Guardian of said minor's estate was made by the County Judge of Jackson County as before stated, in which county the bulk of the minor's estate was situated, and the Guardian himself resided. That the order appointing him required him to enter into a bond of $3,000.00, "to be approved by the Court," and in pursuance of such order he filed a bond in said amount with F. M. Golson and C. C. Liddon as sureties, a copy of which bond is attached to the original bill, but shows no approval by the County Judge.

The bill further alleged that about October 6, 1928, said J. L. Carroll obtained an order of the County Judge of Gadsden County for leave to sell a piece of real estate of the minor situated in that county. That the order authorizing the sale required the Guardian to make and file an additional bond in the sum of $5,000.00. The bond was made, with F. M. Golson and C. C. Liddon as sureties. It was not conditioned to safely keep and account for the proceeds of that sale, but carried only the general conditions of a Guardian's bond for the faithful performance of his duties as Guardian, making of inventories, filing accounts, etc. The bill alleged that the defendant sureties were liable on both of said bonds, and prayed for an accounting from

the Guardian, and a decree against the bondsmen for the penalty of the bonds.

The defendant's answers put in issue the substantial controversies of law and fact presented by the bill of complaint for adjudication and voluminous evidence was taken thereon, pro and con.

The Chancellor decided the equities to be with the complainant and entered judgment against defendant guardian and his sureties, consistent with the object of the bill of complaint.

The bill of complaint attacked the guardian's investments that had been made admittedly without approval of the Probate Court. The evidence taken amply supports the Chancellor's conclusion that the investments made were not only improvident, but legally unjustified under the circumstances. Therefore, no error was committed in finding a decree on the merits for the complainant.

In the case of unauthorized investments of a minor's funds belonging to a guardianship trust, even when made in good faith, the guardian does so at his peril. His acts are always open to the rigid scrutiny of courts of equity, and it is the duty of such courts to see to it that the interests of minors shall not be rendered valueless by unauthorized dealings with guardianship trusts, even when done in actual good faith and for no fraudulent purpose in fact. Linton v. Walker, 8 Fla. 144, 71 Am. Dec. 105; Sanderson's Adm'r v. Sanderson, 17 Fla. 820, text 861; Link v. Friou, 116 Fla. 337, 156 Sou. Rep. 719.

Nor was it any objection in law to liability on the guardian's bond that the bond was not approved by the County Judge. Failure to approve a bond does not invalidate it as to liability of principal and sureties where the parties have secured the consideration, in this case the au-

thority to act as guardian under authority of an appointment to which the bond was incident, upon which the bond was required to be given and approved in the first place.

The requirement, *followed by the actual giving* of an additional guardian's bond pursuant to the order of the Probate Court of Gadsden County as a condition precedent to obtaining authority to sell the ward's land, rendered the principal and surety liable for a breach of such bond, after it was given, even though the repeal of Section 2100, Revised General Statutes of 1892, eliminated the exaction of such bond as a jurisdictional foundation for the order of sale. See: McCamy v. Payne, 94 Fla. 210, 116 Sou. Rep. 267.

A breach of the guardian's duty having been already found and adjudicated by the Chancellor with respect to the handling of the guardianship funds in defendant's hands, it was proper for the court to further decree that the guardian was not entitled to compensation for what he had done under the circumstances. American Surety Co. of New York v. Hayden, 112 Fla. 17, 150 Sou. Rep. 114.

The decree found that the guardian's receipts had exceeded his lawful expenditures to the amount of $31,569.55. In so far as the decree against the guardian is not for the full amount of $31,569.55, but is only for the sum of $23,-569.55, which is the amount of $31,569.55 indebtedness, less the $8,000.00 decreed to be paid by the sureties on the two bonds enforced by the decree in the same case, the decree is erroneous, and is ordered to be so modified, as to carry a judgment against the guardian, J. L. Carroll, in the total amount of $31,569.55, instead of $23,569.55, together with the costs of court to be taxed by the Clerk. In all other respects the decree is in accordance with the law of the case, and findings of the Chancellor, and should be affirmed.

One-fourth of the costs of appeal should be taxed against the appellee and it is so ordered.

Affirmed in part and reversed in part and remanded.

ELLIS, C. J., and WHITFIELD, TERRELL and BUFORD, J. J., concur.