MINER, Judge.
In September of 1986, Edna Mae Lawrence was disabled by a major mental illness and involuntarily committed to the Florida State Hospital (FSH). The following month, her son, Hubert Norris, petitioned to have his mother declared incompetent and to have himself appointed guardian of her person and property which property consisted primarily of funds from her deceased husband’s estate, her social security and her state retirement benefits. Thereafter, the trial court entered an order finding Mrs. Lawrence incompetent to manage her affairs and appointing Hubert her guardian conditioned upon his posting of a $3,000 surety bond.
Hubert’s failure to cooperate with a FSH case worker seeking placement alternatives for Mrs. Lawrence led the case worker to seek appointment as a Visitor to the guardianship.[1] In lieu of making such an appointment, the trial court directed Hubert to provide an inventory of the guardianship estate and an accounting of his stewardship. After he twice failed to comply with court orders, the court appointed the case worker as Visitor to conduct an inquiry into the handling of guardianship assets.
Finding that almost $4,000 of the guardianship estate could not be accounted for and that only $1,600 in assets remained, the Visitor petitioned the court for Hubert’s removal as guardian, the appointment of a substitute guardian and repayment of all sums improperly expended or unaccounted for.
After a hearing on the petition, the court adopted the findings of the Visitor that Hubert, had breached his fiduciary duties and entered an order which, among other things, removed Hubert as guardian of his mother’s property because of “ill health”, awarded him a monthly fee of $125 for services rendered to the guardianship without taking any testimony concerning the time expended or the reasonable value of such services and offset the fee allowed ($4,000) against the unaccounted for funds, leaving a balance due Hubert from the estate of some $70. From the denial of a motion for rehearing filed in her behalf by Mrs. Lawrence’s attorney ad litem, Mr. Basford, this appeal was taken. We reverse.
Appellant argues that the trial court abused its discretion by (1) awarding compensation to a guardian who breached his fiduciary duty; (2) offsetting unaccounted funds against compensation awarded; (3) awarding fees without competent substantial evidence to support the award; and (4) failing to hold the guardian and/or his surety liable for the funds unaccounted for. Although we find merit in *197 appellant’s arguments as to each point, we need only address the first point raised which we believe is dispositive of the remaining issues. In Florida, the state is under a special duty to protect incompetent persons and their property as a class incapable of protecting themselves. Allen v. City of St. Augustine, 500 So.2d 206, 209 (Fla. 1st DCA 1986), review denied, 504 So.2d 766 (Fla.1987). The guardian in the instant case was found to have violated his fiduciary duty as guardian. His claim to compensation cannot be entertained by the court in view of its finding that he had breached his fiduciary duty. See Carroll v. Carroll, 127 Fla. 226, 172 So. 916, 918 (1937); American Surety Co. of New York v. Hayden, 112 Fla. 17, 150 So. 114, 121 (1933). The court’s acceptance of the Visitor’s initial report finding that appellee breached his fiduciary duties as appellant’s guardian is supported by competent substantial evidence and, thus, the trial court abused its discretion by entertaining the issue of his compensation. On remand, we direct that the trial court order the guardian, or alternatively the surety, to repay the funds mismanaged by the guardian, with interest. See section 744.377, Florida Statutes (1987); In re Nusbaum’s Guardianship, 154 Fla. 49, 16 So.2d 519 (1944).
REVERSED and REMANDED with directions.
ZEHMER and ALLEN, JJ., concur.

. This petition was filed pursuant to sections 744.107 and 744.434, Florida Statutes.