[Spear v. The State.

# Spear *v.* The State.

*Indictment for Resisting Officer in the Execution of a Writ of Arrest.*

1. *Duty of officer in executing process.*—An officer charged with the duty of executing process is bound to do so, unless the process is void on its face, or the court issuing it is without jurisdiction; but he is not bound and has no authority to inquire into the regularity or legality in a proceeding prior to the issuance of the process.

2. *Writ of arrest; not invalid because indictment upon which it was issued was not endorsed as having been filed in the court of issuance.* Where the act creating a criminal court in a certain county, confers upon said court exclusive jurisdiction of all misdemeanors committed in said county, and requires that upon the preferment of an indictment for misdemeanors they should be filed in said criminal court, the mere failure to endorse upon an indictment for a misdemeanor that it is filed in said criminal court, does not render invalid the writ of arrest issued upon the indictment out of said court; such failure being merely an immaterial clerical irregularity.

3. *Same; not invalid when signed by the clerk who erroneously designated his official position.*—Where the act creating a criminal court in a certain county confers upon said court exclusive jurisdic-

[Spear v. The State.]

tion of all misdemeanors committed in said county, and provides that the clerk of the circuit court of said county shall be *ex officio* clerk of said criminal court, the fact that a writ of arrest issued upon an indictment for a misdemeanor in said county was signed by the clerk, who designates himself as "clerk of the circuit court," does not affect the validity of said writ; since the official relation of said clerk to each of the court's being a matter of law, all officers, persons and courts in the State take notice thereof.

4. *Same; designation of the defendant by initial of his christian name does not render writ invalid.*—A writ of arrest which designates the defendant by only the initial of his christian name, together with his surname is not invalid for failure to set out the defendant's full christian name.

5. *Same; when sufficient designation of offense charged as stated in the writ.*—A writ of arrest which recites that "an indictment having been found at the Spring Term 1897 of the Circuit Court of said county, against G. Spear for the offense of carrying a concealed pistol, you are commanded," &c. sufficiently describes the offense charged in the indictment upon which the writ is issued.

APPEAL from the City Court of Montgomery.

Tried before the Hon. A. D. SAYRE.

The appellant, George Spear, was indicted, tried and convicted for resisting officers in the execution of a writ of arrest.

On the trial of the case, the State introduced two deputy sheriffs, who testified to their going to the house of the defendant with a writ of arrest and seeking to execute it, and that thereupon the defendant presented a pistol at them, and demanded that they leave his house.

The State then introduced in evidence the writ of arrest which was, in words and figures, as follows: "The State of Alabama. Pike County. To any sheriff of the State of Alabama. An indictment having been found at the Sg. term, 1897, of the Circuit Court of said County against G. Spear for the offense of carrying a concealed pistol. You are therefore commanded forthwith to arrest," &c. This writ was dated January 30, 1897, and was signed: "O. Worthy, Clerk of the Circuit Court of Pike County." The defendant objected to the introduction in evidence of said writ of arrest, upon the ground that it was inadmissible since it was a "writ of arrest issued from the Circuit Court of Pike county

against G. Spear, and not against George Spear, the defendant." The court overruled this objection, and the defendant duly excepted. The defendant as a witness. in his own behalf testified that he did not resist the execution of the writ. For the purpose of showing that the indictment returned by the grand jury of Pike county, and on which the writ of arrest attempted to be executed on the defendant was issued, had never been returned out of the circuit court to the judge of the criminal court of Pike county and filed in the criminal court of Pike county, as required by law, but was still pending in the circuit court of Pike county, the defendant offered to introduce in evidence a certified copy of the indictment returned by the grand jury of Pike county, and also the certified copy of the minute entries of the criminal court of Pike county. The certified copy of the indictment above referred to was as follows : "The State of Alabama, Pike County. Circuit Court. Spring Term, 1897. The grand jury of said county charge that before the finding of this indictment G. Spear, whose christian name is to the grand jury unknown, carried a pistol concealed about his person, against the peace and dignity of the State of Alabama."

This indictment was signed by the solicitor of the Twelfth Judicial Circuit, and the indorsements upon it were, in all respects, regular. There also appeared on it the following indorsement: "Filed in open court, this the 30th day of January, 1897. [Signed.]

"O. WORTHY, Clerk."

The copies of the minute entries offered to be introduced by the defendant, were the order of the judge of the criminal court of Pike county adjourning the January Term, 1897, of said court until the first Monday in February, 1897, and continuing all the business not finally disposed of ; and the entry upon the minutes of the convening of the court on the first Monday in January, 1897, and the adjournment of said court on that day, there being no business in said court. The State objected to the introduction of said certified copies of the indictment and the minute entries as evidence in the case, on the ground that they were irrelevant. The court sustained this objection, and the defendant duly excepted.

· Upon the introduction of all the evidence, the defendant requested the court to give to the · jury the general affirmative charge in his favor, and duly excepted to the court's refusal to give the same as asked.

D. A. BAKER, for appellant.—The writ of arrest which the officer was seeking to execute at the time the defendant is charged with resisting, shows on its face that it was issued out of the "circuit court" of Pike county by the "clerk of the circuit court," on an indictment filed in the circuit court. The circuit court of Pike county is without jurisdiction to try misdemeanors committed in Pike county.—Acts of 1888–89, p. 631, § 4; Acts, 1890–91, p. 391, § 7. "If the court have no jurisdiction of the cause, the whole proceeding is *coram non judice."—Duckworth v. Johnston,* 7 Ala. 578; *Crumpton v. Newman,* 12 Ala. 199.

In criminal prosecutions, the designation of the defendant by his initials and surname only in the process, renders such process invalid.—*Gerrish v. State,* 53 Ala. 476; *Morningstar v. State,* 59 Ala. 30; *Washington v. State,* 68 Ala. 85; *Winter v. State,* 90 Ala. 637; *O'Brien v. State,* 91 Ala. 25; Code of 1886, § 4904; *Mead v. Haws,* 7 Cowen (N. Y.) 332; *West v. Cabell,* 153 U. S. 78.

The writ of arrest did not describe the offense charged with sufficient certainty to render the writ invalid. To charge only the "carrying of a concealed pistol," omits the most essential portion of the substance of the accusation, that it was so carried *about the person,* and charges no offense.—*Duckworth v. Johnston,* 7 Ala. 578; *Crumpton v. Newman,* 12 Ala. 199; *Brown v. State,* 109 Ala. 70; *State v. Baker,* 106 N. C. 758; *Lueck v. Heisler,* 87 Wis. 644; 28 Amer. & Eng. Encyc. of Law, (1st ed.), 722.

The writ of arrest for the defects pointed out, being void on its face, the officers had no authority to execute it.—*Brown v. State,* 109 Ala. 70; *Duckworth v. Johnston,* 7 Ala. 578; *Noles v. State,* 26 Ala. 31.

CHARLES G. BROWN, Attorney-General, for the State. If the process was not void on its face, it was the duty of the officer to execute it. And if it was his duty, the

defendant violated the law by his resistance. The writ in this case was valid, and none of the objections inter-posed to it are maintainable.—Cr. Code of 1896, §§ 5208, 5252–53, 5254 ; *State v. Armistead*, 106 N. C. 639 ; *Murphy v. State*, 55 Ala. 252 ; *Rhodes v. King*, 52 Ala. 272 ; *Brown v. State*, 109 Ala. 70 ; *Johnson v. State*, 73 Ala. 21 ; *Brown v. State*, 62 Ala. 97 ; *Wilson v. State*, 99 Ala. 194 ; 1 Wharton's Cr. Law, (9th ed.), § 652 ; *Pratt v. Bogardas*, 49 Barb. 90 ; *Nolty v. State*, 17 Wis. 668 ; 2 Amer. & Eng. Encyc. of Law, 883, 896, and notes ; *People v. Mead*, 92 N. Y. 415 ; Cr. Code of 1896, Chap. 135, § 4420, p. 196.

TYSON, J.—The defendant was indicted, tried and convicted in the city court of Montgomery for resisting officers in the execution of a writ of arrest issued by the clerk of the criminal court of Pike county.

By provisions of the act of the General Assembly, "To establish a criminal court for the county of Pike" (Acts, 1888–89, p. 631), it was made the duty of the judge of the circuit court, within ten days after the passage and approval of this act, to enter an order upon the minutes of his court, directing and requiring the clerk to deliver to the judge of the criminal court, all indictments for misdemeanors then pending and entered in said circuit court ; and upon the transfer and delivery of the same the jurisdiction of the circuit court ceased, and exclusive jurisdiction was conferred in said cases upon the criminal court of Pike county. And all indictments for misdemeanors preferred by the grand jury, after its passage, were and are to be returned by the clerk of the circuit court to the judge of said criminal court, and filed in said criminal court and process thereon to be issued by the clerk of that court. This act further provides, that the clerk of the circuit court shall be *ex officio* clerk of the criminal court.

The only question raised and insisted upon in argument by appellant's counsel is, that the writ of arrest, undertaken to be executed by the officers upon the defendant, was void.

It can now be regarded as the settled law of this State that an officer charged with the duty of executing process, is bound to do so, unless the process is void upon

its face, or the court issuing it is without · jurisdiction.
The officer, in discharging this duty, is not bound to in-
form himself of irregularities in the indictment or other
initial proceedings, made the basis for the issuance of
the writ.—*Murphy v. State*, 55 Ala. 252. In the case of
*Brown v. The State*, 109 Ala. 87, Chief Justice BRICKELL
stated the doctrine to be : "As a general proposition, it
may be stated that the officer is justified in the execution
of the process, when it proceeds from a court or magis-
trate having jurisdiction to issue it, unless invalidity ap-
pears on its face. He is not *bound* and *has no authority to
inquire into the regularity or legality in the proceeding prior
to its issue.*"

The first insistence of defendant is, that it nowhere
appears that the indictment has been filed in the crim-
inal court of Pike county, and that the writ on its face
purports to be issued by "O. Worthy, Clerk of the Cir-
cuit Court of Pike County," and therefore, it must have
been issued upon an indictment for a misdemeanor pend-
ing in the circuit court of that county, of which that
court had no jurisdiction ; it having been ousted by the
act above referred to establishing the criminal court.

The words of this act *ex vi termini* conferred jurisdic-
tion upon the criminal court, and the mere failure to en-
dorse upon the indictment its filing in that court, if this
fact had been made to appear, was a mere clerical irreg-
ularity which could avail the defendant nothing. And
again the fact that the writ was signed by O. Worthy
designating himself as "Clerk of the Circuit Court" can
not affect the validity of the writ. By the act establish-
ing the criminal court he was, by virtue of being clerk of
the circuit court, *ex officio* clerk of the said criminal court,
and this, the officers and the defendant were bound to
know. Indeed, it was unnecessary that he should have
added any words *descriptio personæ* after his signature.
*Johnson v. State*, 73 Ala. 21. His official relation to these
courts was a matter of law, of which all officers, persons
and courts in this State will take notice.

The contention that the writ designated the defendant
as "G. Spear" instead of setting out his full Christian
name is without merit. This might have been a good
ground for a plea in abatement to the indictment, but

without this plea, if defendant had gone to trial, the conviction would have been legal.—*Winter v. State*, 90 Ala. 637 ; *Washington v. State*, 68 Ala. 85 ; *O'Brien v. State*, 91 Ala. 25. It not infrequently happens that an offense is committed and an indictment is preferred against the offender where his name is entirely unknown, and, therefore, not alleged in the indictment. In such a case, the warrant or writ of arrest would contain no name at all, but only such a description of the person charged that would enable the officer executing the writ, to sufficiently identify him for the purpose of making the arrest. Any other rule would license strangers, whose true names are unknown, to commit crimes, and if apprehended in them, legalize their resistance of the officers of the law, charged with the duty of enforcing it, and impose upon the officer the burden of knowing, before undertaking the arrest, that the true name of the offender is correctly stated in the warrant. Should he be misinformed, in this respect, and notwithstanding, he may know that the person upon whom he is undertaking to execute the writ, is the person wanted, yet, forsooth, because the warrant designates such offender by his initials, he has the right to resist the officer. This appears from the testimony of the defendant, to be this case, at least in so far as his being the person intended to be named in the warrant. It finds no lodgment in any of the adjudications of this court or in sound reasoning and logic.

The only remaining point insisted upon for the invalidity of the writ, is that it omitted to state any offense. It contains these words : ''An indictment having been found at the Spring term 1897 of the circuit court of said county against G. Spear for the offense of carrying a concealed pistol, you are commanded,'' etc. An examination of sections 4601, 5208 and 5253 of the Code of 1896 will show three forms for warrants or writs of arrest. Under sections 4601 and 5208, they are designated as warrants, and under section 5253 as writs of arrest. The first two relate and govern proceedings in the county and justice of the peace courts, while the latter relates to proceedings where an indictment has been found. It will be observed that each of these forms contains substantially the same requirements, to-wit: the name of

the defendant, a statement of the offense charged *by name*, the county in which it was issued, and to be signed by the officer issuing it.—*Johnson v. State, supra*. In the case of *Brown v. The State*, 63 Ala. 97, the warrant of arrest issued by the justice charged the defendant with "the offense of failing to work the road." This court held that this was a sufficient designation of the offense, and in the opinion, in speaking of this warrant, said: "A warrant is sufficient, if it designates the offense by name or describes it, or if it employs terms from *which the offense may be inferred*."

In *Brown v. The State*, 109 Ala. 86, it is said the warrant "must also state the offense either by name or so that it can be clearly inferred."

In *Williams v. The State*, 68 Ala. 84, it was said : "A warrant of arrest issued by a justice of the peace, commanding the officer to arrest the accused 'to answer the criminal offense of larceny,' has been held to be sufficiently regular on its face to justify the officer in executing it." In *Rhodes v. King*, 52 Ala. 275, it was held that a warrant reciting the offense of obtaining goods by false pretenses, need not recite an intent to injure or defraud, though such an intent is an essential constituent of the crime. This case was approved in the case of *Williams v. State, supra*. See also the case of *Crosby v. Hawthorn*, 25 Ala. 221.

Chapter 135 of the Code of 1896 (Art. VI of Code of 1886) designates the offense as "carrying concealed weapons." These words, we concede, would not be sufficient to support an indictment, yet the same strictness, as the cases above quoted and cited show, is not required in a warrant or writ of arrest, and we hold that the offense in this writ was sufficiently designated. We find no error in the record.

Judgment affirmed.