# Pruett *v.* The State.

## *Prosecution for Adultery.*

1. *Affidavit and warrant of arrest; when not invalid for clerk's failure to add descriptive words after his name.*—Since the Act of the General Assembly establishing the County Court of Coffee County, makes the clerk of the circuit court of said county ex-officio clerk of said county court, and authorizes him to take affidavits charging offenses, and to issue warrants of arrest (Acts, 1900-01, pp. 861 and 864-5), an affidavit which in its body recites that it was made before the clerk of the circuit court of Coffe County, and the jurat of which is signed with only the name of said clerk, without any descriptive words, is not invalid; nor is a warrant of arrest, issued by said clerk upon the making of such affidavit, and which is signed with the name of the clerk, followed with only the word "Clerk" without any descriptive words, invalid.

2. *Adultery; admissibiity of evidence; competency of husband of woman as witness.*—On the trial of a man under an indictment which charges him separately with adultery, the husband of the woman with whom the defendant is charged with having lived in the state of adultery, is a competent witness to prove an unlawful cohabitation between his wife and the defendant.

3. *Trial and its incidents; sufficiency of verdict.* —On the trial of defendant in a criminal case, a verdict of the jury that "We the jury fine the defendant guilty and assess a fine of $100.00," is sufficient to support a judgment of conviction; the use of the word, "fine" where it occurs in the verdict being a clerical misprison, which is self-correcting.

APPEAL from the County Court of Coffee.

Tried before the Hon. JOHN M. LOFLIN.

The appellant in this case, Lige Pruett, was prosecuted and convicted for living in adultery. The prosecution was commenced by an affidavit made before R. A. King, and in said affidavit it is recited that it was made before "R. A. King, Clerk of the Circuit Court in and for said county," referring to Coffee county. The jurat of the affidavit was signed "R. A. King" without any descriptive. words. The warrant of arrest which was issued upon the making of said affidavit was signed "R. A. King, Clerk," without any other descriptive words. During the trial of the case, after the defendant had pleaded not guilty, the defendant severally moved the court to strike the affidavit and warrant from the file, and to quash the affidavit and warrant, upon the ground that the said warrant and affidavit were issued by R. A. King as Clerk of the Circuit Court of Coffee County, Ala., and not by "R. A. King as Clerk of the County Court of Coffee County." Each of these motions were overruled by the court, and to each of such movings the defendant separately excepted.

The State introduced as a witness in its behalf one James L. Spencer, the husband of the woman with whom it was alleged in the indictment that the defendant committed the crime charged. Upon said witness testifying to facts showing that the defendant was guilty of the offense charged, the defendant objected to the introduction of such testimony, and moved to exclude the same upon the ground that said witness, being the husband of the woman with whom it was charged the defendant committed the offense, was not a competent witness. The court overruled the objection and motion, and to each of these rulings the defendant separately excepted.

J. F. SANDERS and SOLLIE & KIRKLAND, for appellant. The affidavit for the arrest of defendant was fatally defective, because not signed by the clerk in his official capacity. The record shows that he merely signed it as

"R. A. King."—*Hyde v. Adams,* 80 Ala. 112; *Hardy v. Beatty,* 84 Tex. 562.

MASSEY WILSON, Attorney-General, for the State. The fact that the clerk did not write his official title below his signature to the affidavit, did not affect it, nor was it affected by being subsequently placed there. The body of the affidavit contained the statement that affiant appeared before "R. A. King, clerk of the circuit court in and for said county," and even in the absence of the clerk's signature it would have been sufficient. *McCarty v. Bank,* 3 Ala. 709; *Hyde v. Adams,* 80 Ala. 111; *Albritton v. Williams,* 132 Ala. 647; 1 Encyc. Pl. & Pr. 318, and cases cited to note 4.

The witness Spencer, who was the husband of the woman with whom it is alleged the defendant committed the offense charged, was a competent witness.—*Campbell v. The State,* 133 Ala. 158.

The verdict of the jury was sufficient to sustain judgment of conviction. The word "fine" was a clerical misprison for the word "find" and is self-correcting. *Lang v. The State,* 84 Ala. 1.

McCLELLAN, C. J.—It is *the clerk of the circuit court* of Coffee county (who by virtue of that office is also clerk of the county court) who is authorized to take affidavits charging offenses and to issue warrants of arrest, by section 15 of the act establishing said county court.—Acts, 1900-1901, p. 861 and 864-5. It was, therefore, regular and proper for the affidavit in this case to recite that it was taken by the clerk of the circuit court. In strictness it should have also further described the officer as *ex officio* clerk of the county court, but its omission to do so does not invalidate either the complaint or the warrant issued upon it.—*Spear v. State,* 120 Ala. 351, 356.

It was unnecessary for the word "Clerk," or the words "Clerk of the circuit court," or these with the words *"ex officio* clerk of the county court" added, or other descriptive words, to follow the name of the officer as subscribed to the jurat of the affidavit, or for any

further description than appears to be appended to the name signed to the warrant of arrest.—*Spear v. State, supra.* The courts, indeed, take judicial cognizance of the names of officers; and the county court knew and we know that R. A. King is clerk of the circuit court of Coffee county and *ex officio* clerk of the county court of that county without any descriptive suffix to his name. *Cary v. State,* 76 Ala. 78, 83.

There is no merit in the objections to the testimony of the witness Spencer based as they are upon the fact that he is the husband of the woman with whom the defendant is charged with living in adultery.—*Campbell v. State,* 133 Ala. 158.

As it appears in the transcript before us, the verdict of the jury was this: "We the jury fine the defendant guilty and assess a fine of one hundred dollars." We treat the use of the word "fine" where it first occurs in the verdict as copied into this transcript as a clerical misprision of the word *find,* and as self-correcting. *Lang v. State,* 84 Ala. 1, 4-5. No point was made in this connection in the court below, and the bill of exceptions recites that there was a verdict of guilty.

Affirmed.