ABRAHAM PUGH, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *Defendant in Error*.

CRIMINAL LAW—EVIDENCE—VERDICT—MISSPELLING IN—PROOF OF PREMEDITATED DESIGN—FAILURE TO GIVE INSTRUCTIONS—WHEN ASSIGNABLE AS ERROR.

1. If at the time of the propounding of excluded questions to a witness the relevancy and pertinency of the testimony sought to be elicited thereby is not made to appear the exclusion of such questions at that time will not be adjudged by an appellate court to be error, particularly where the party propounding them is afterwards, during the progress of the trial, and after the relevancy of the excluded evidence has been made apparent, afforded an opportunity of re-propounding such excluded questions and fails to do so.

2. While verdicts, particularly in criminal cases, should be certain, and impart a definite meaning, free from ambiguity, yet any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient. All fair intendments should be made to sustain them. If the intention is thereby clearly manifested bad spelling or faulty grammar will not vitiate them. The rule of *idem sonans* is applicable in construing verdicts. The following verdict: "We the jury find the defendant guilty of murder in the first *drgee*,"—Held, to be sufficiently certain, and to clearly indicate the intention of the jury, and to be so patently a misspelling of the intended word "Degree" as to be self-correcting on its face.

3. Though a group of letters used by a jury in an attempt to spell a necessary word in their verdict, fails to correctly spell any word known to the English language, and, if taken by themselves, convey no intelligible meaning, yet, when such group of letters is considered in connection with the other intelligible words used in the verdict, if no room for reasonable doubt is left that the jury intended thereby to spell the word necessary to the validity of their verdict, such verdict should be upheld.

4. Premeditated design, in trials for murder, may be established by *circumstantial* evidence as contradistinguished from positive or direct evidence.

5. In order to assign as error the omission of the trial court

to instruct the jury on any point or question, the desired instruction must have been specifically requested to be given, and exception taken to the refusal to give it.

6. Assignments of error not contended for or argued before an appellate court will be treated as abandoned.

This case was decided by Division B.

Writ of Error to the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*S. K. Gillis,* for plaintiff in error;

*W. H. Ellis,* Attorney General, for the state.

TAYLOR, J.—The plaintiff in error, hereinafter referred to as the defendant, was indicted for, tried and convicted of, the crime of murder in the first degree and sentenced capitally, and brings his case here for review by writ of error.

At the trial, after the state had completed the introduction of its testimony and rested its case, the defendant offered as a witness one Wesley Counce and propounded the following question to him after the witness had answered that he knew the deceased and that his weight was about 170 or 175 pounds: "Do you know whether or not he (the deceased) was in the habit of carrying arms?" To this question the state objected on the ground of immateriality, which objection was sustained by the court, and this ruling constitutes the first assignment of error.

There was no error here. At the time the question was propounded to the witness the state had made

out a case of cold-blooded assassination in the night time by the defendant lying in wait for his victim, and shooting him to death without warning, and without the deceased even knowing of his, the defendant's presence. Up to the time of the propounding of the question there was not a scintilla of evidence that even tended to show the slightest overt act upon the part of the deceased towards the defendant at the time of the homicide either with or without arms of any kind; and, at the time of the propounding of the question no offer was made to connect the fact sought to be elicited by the question with the issues in the case, neither was there an offer made to show that the defendant knew of the fact that the deceased was in the habit of carrying arms. Under these circumstances, at the time that the question was propounded we fail to discover its pertinency or materiality, and cannot, therefore, adjudge its exclusion to have been erroneous. But besides this, after the defendant had testified as a witness in his own behalf and had deposed facts that tended to contradict the case made by the state, and to show that he killed the deceased under circumstances justifying self defense, the said witness, Wesley Counce, was recalled as a witness by the defendant, and no effort was then made, after the pertinency of the challenged question was made by said testimony somewhat to appear, to repeat the same to the recalled witness, or to elicit from him the fact sought to be established thereby.

The second assignment of error is the denial of the defendant's motion for new trial. This motion comprised twelve separate grounds. Such of them as have not been abandoned here will be considered *sereatim*. The first three and the fifth grounds of this motion assert in substance that the verdict of the jury is not supported by the evidence and is contrary to law. These grounds will be disposed of last. The fourth ground

is that the verdict is insufficient because it does not state the degree of homicide of which it convicts the defendant. The verdict of the jury was as follows: "We the jury find the defendant guilty of murder in the first drgee. Norman Gillis, foreman."

The point is raised that the letters "Drgee" used in the verdict do not express or mean anything, and that the verdict is fatally defective because of their use therein instead of the word "degree."

There is no merit in this contention. It has been repeatedly held here as elsewhere, that while verdicts in criminal cases should be certain, and impart a definite meaning, free from ambiguity, yet any words that convey beyond a reasonable doubt the meaning and intention of the jury are sufficient, and that all fair intendments should be made to sustain them. If the intention is thereby clearly manifested, bad spelling or faulty grammar will not vitiate them; and that the rule of *idem sonans* is applicable in construing verdicts. Long v. State, 42 Fla. 612, 28 South. Rep. 855; Higginbotham v. State, 42 Fla. 573, 29 South. Rep. 410; Johns v. State, 46 Fla. 153, 35 South. Rep. 71; Ewert v. State, 48 Fla. 36, 37 South. Rep. 334; Albritton v. State, 54 Fla. 6, 44 South. Rep. 745; O'Neal v. State, 54 Fla. 96, 44 South. Rep. 940; Morris v. State, 54 Fla. 80, 45 South. Rep. 456.

While the group of letters "Drgee," as used in this verdict if taken by themselves do not spell any word known to the English language, and, so taken, do not by themselves convey any intelligible idea or meaning, yet when taken in connection with the other words that precede it in the verdict no room for doubt is left that the jury intended it for the word "degree." Taken in connection with all the other words of the verdict it is so patently a clerical mis-spelling of the word "degree,"

as to be self-correcting on its face.    Pruett v. State, 141 Ala. 69, 37 South. Rep. 343.

The sixth ground of the motion complains of the following excerpt from one of the court's charges to the jury: "The law does not require that premeditated design be proved only by positive testimony." There was no error in this. This language in the charge was only one form of expressing to the jury that they might properly deduce a premeditated design on the defendant's part from circumstances in proof. In other words, that premeditated design could be established by circumstantial evidence as contradistinguished from positive or direct evidence.

The seventh and eighth grounds of the motion complain of the omission of the court to instruct the jury upon the law of murder in the second degree and upon manslaughter. The transcript of record before us does not show that the defendant requested the court to give any instructions upon these points. It is settled here by a long line of decisions that in order for a defendant to avail himself before an appellate court of the omission of the trial court to instruct the jury upon any point or question, he must have requested the desired instruction to be given, and must have excepted to the ruling of the court refusing to give it. Carter v. Bennett, 4 Fla. 283; Cato v. State, 9 Fla. 163; Reed v. State, 16 Fla. 564; Kurts v. State, 26 Fla. 351, 7 South. Rep. 869; Blount v. State, 30 Fla. 287, 11 South. Rep. 547; Rawlins v. State, 40 Fla. 155, 24 South. Rep. 65; Lindsey v. State, 53 Fla. 56, 43 South. Rep. 87.

The ninth ground of the motion has not been argued, and, under our repeated rulings will be treated as abandoned.

The tenth ground of the motion complains that the court erred in charging the jury that the law did not prescribe the period of time which must elapse between

the formation of and the execution of the intent to take life. This was one of the features of the charge of the court upon the subject of premeditated design. We have carefully considered the charge of the court upon this point and find that it was correct and favorable to the defendant.

The eleventh ground of the motion complains of the following charge of the court: "The defendant is presumed to be innocent until his guilt is proven beyond a reasonable doubt, and the burden of proof is upon the state to prove his guilt, and every material fact necessary to constitute the offense, beyond a reasonable doubt."

. The contention here is that this charge is faulty because it omits to state that every material fact must be proven *by the evidence* beyond a reasonable doubt. There is no merit in this contention. The additional words "by the evidence" contended for would have added nothing to the charge as given. A fact can be said to have been *proven* only when there is *evidence* to establish it, and it would be tautologous to say a fact must be proven by the proofs, which is the equivalent of the contention here made. The charge is free from error.

The twelfth ground of the motion for new trial challenges the correctness of the following charge given by the court to the jury: "Should you find the defendant guilty you will state in your verdict the degree of unlawful homicide of which you find him guilty, as for example, you should find him guilty of murder in the first degree, you should state in your verdict that you find him guilty of murder in the first degree." It is contended here that this was tantamount to a peremptory instruction from the court to the jury: "Should you find the defendant murder in the first degree. It would have been better if the court had inserted the word "if" between the words "example" and "you" as used in the charge, but even

without it we do not think that the charge as framed could possibly have misled the jury into the idea that they were instructed thereby affirmatively to find the defendant guilty of murder in the first degree. The charge is plainly one as to the form of the verdict, and begins with the words "should you find the defendant guilty." This was the equivalent of saying "If you find the defendant guilty." The objectionable phrase in the charge following after this, is preceded by the words, "as for example," etc. But besides this, the judge followed this immediately in the same instruction with the words: "If you should find the defendant not guilty you will state in your verdict that you find him not guilty." Taking the whole of this charge into consideration we cannot say that it even tended to mislead the jury.

The first, second, third and fifth grounds of the motion question the sufficiency of the evidence to support the verdict. Our only comment on this is that we cannot well discover how the jury could have arrived at any other verdict than the one returned on the facts in proof. The crime of which the defendant was convicted and every necessary ingredient thereof was amply made out by the proofs for the state, and these were met by a weak effort on the part of the defendant alone as a witness to make out for himself a case of self defense.

Finding no error the judgment of the circuit court in said cause is hereby affirmed at the cost of Walton county, the defendant having been adjudged to be insolvent.

HOCKER and PARKHILL, JJ., concur;

SHACKLEFORD, C. J., COCKRELL and WHITFIELD, JJ., concur in the opinion.