American Surety Co. v. Geo. Wilson Hayden and
Marion Elizabeth Hayden

(Two Cases.)

150 So. 114.
Opinion Filed September 21, 1933.
Rehearing Denied October 19, 1933.

*Stuart McKenzie* and *Rice & Blakey,* for Appellant;
*George I. King* and *McDonald & House,* for Appellee.

GIBBS, Circuit Judge.—This is an appeal from the final decree in the suits of each of the appellees, plaintiffs in the court below, against the appellant, and Jessie P. Hayden, J. Bruce Hayden and Allen Homer Hayden, defendants in each of such suits, consolidated by the Chancellor. The plaintiffs filed their respective bills seeking an accounting and judgment against the defendant surety upon certain bonds executed by the defendant as surety for the faithful performance of his duties as the guardian of the plaintiffs during their minority and until the death of said guardian. After several bills of complaint were filed and demurrer sustained thereto; demurrers being severally sustained there-

to, plaintiffs filed their second amended bills of complaint, to which demurrers were, severally, overruled, and the defendant surety company filed its several answers. In these amended bills of complaint, the age of the respective plaintiffs is set forth, each being alleged to be above the age of twenty-one years; that they were the wards of George W. Hayden, who was appointed as guardian of the estate of Jessie P. Hayden, Allen Homer Hayden, J. Bruce Hayden, and the plaintiffs, George W. Hayden, and Marion Elizabeth Hayden, all minor children of the said guardian, by the County Judge of Manatee County, Florida; that as a prerequisite to the granting of letters of guardianship to George W. Hayden, he was required to, and did, execute and file a guardianship bond in the penal sum of one thousand dollars, conditioned as required by law, he signing as principal and the American Surety Company of New York, one of the defendants, signing as surety; that among other things such bond was conditioned that said George W. Hayden should faithfully preserve the estate of the said minors and should annually on or before the 1st day of June, during the continuance of said guardianship, render to and file in said court an inventory of said minors' estate, its profits and disbursements, and all the rest and residue of the goods, chattels and credits which shall be found remaining upon said guardian's account; that such bond was breached in that the guardian did not faithfully preserve the estate of said minors, and particularly, the estate of the several plaintiffs; that he did not render and file in said court annually, on, or before, the 1st day of June, and during the continuance of said guardianship, an inventory of the estate of said minors and of plaintiffs' estate, its profits and disbursements and all the rest and residue of the goods and chattels and credits remaining upon said guardian's account as required

by said bond; that said guardianship was terminated by the death of said guardian in 1926, said guardian dying intestate and leaving no estate, no legal representative ever having been appointed in connection therewith; that there has never been any order or decree by the court appointing and directing the delivery and payment of said estate and interest of plaintiffs by the said guardian to any person; that there has never been payment to or delivery of said estates to the plaintiffs nor an accounting by said guardian nor any one acting for or on his behalf to the plaintiffs or any other person, for, or on, their behalf; that during the said guardianship in 1914, the said guardian pursuant to the order of the Circuit Court of Hillsborough County, Florida, executed and filed an additional guardianship bond in the sum of five thousand dollars, with the defendant, the American Surety Company of New York, as surety thereon, conditioned among other things that the said George W. Hayden should properly account for and pay over, when legally required so to do, of the proceeds derived from the sale of certain property belonging to the wards named in the bond, which said proceeds of sale was thirteen thousand six hundred dollars and which said sale was consummated and the amount named was received by said guardian and one-fourth of which proceeds amounting to three thousand four hundred dollars belonged to one of these plaintiffs and a like amount to the other of these plaintiffs; that said George W. Hayden did not properly account for or pay over said money derived from said sale as he was legally required to do; that neither he, nor did any person on his behalf, pay over to plaintiffs, or any person on their behalf, said money during the guardianship as required by the terms and conditions of the said bond; that plaintiffs have never had an accounting for said money from any person whomsoever;

that in 1921, said G. W. Hayden entered into a certain con-
ditional contract for the sale of certain real estate in Man-
atee County, the plaintiffs being the owners thereof, it being
essential that there should be an order of the Probate Court
allowing such sale, complainants being the wards of said
guardian at the time, which was made on September 6th,
1921, the sale being consummated then for $3,441.40, net;
that the guardian did not comply with the terms and con-
ditions of the guardianship bond first mentioned with ref-
erence to the estate and interest of the complainants in said
land and the proceeds derived therefrom and did not account
with and to complainants nor any person for, or on behalf
of, the complainants therefor; that the wards other than
complainants, to-wit: J. Bruce Hayden and Allen Homer
Hayden, each owned and were entitled to a one-fourth un-
divided interest in the Hillsborough property and sold as
alleged; that they were named as wards in both of said
bonds and by reason of said facts said persons are made
defendants that their rights may be known and the rights
of the complainants determined and that said other wards
may participate in an accounting; that by reason of the
execution of the bonds aforesaid by the defendant, Amer-
ican Surety Company of New York, it became and is still
liable for the accounting to the complainants and the other
wards named for the sum of one thousand dollars, together
with interest, and in a proper ratio; that by reason of the
execution, as surety, by the defendant, American Surety
Company of New York, of the special guardian's bond, for
the sale of property in Hillsborough County, Florida, it be-
came responsible and is liable to complainants and the other
wards in said bond named for an accounting and paying
over to them the sum of five thousand dollars with interest
from April 30, 1914, in the proper ratio and according to

their respective interests; and complainants pray for answer by defendants, an accounting and a payment to them of such as is by said accounting found due them by the defendant American Surety Company of New York, for a consolidation of the suits of each of the complainant minors; that the wards named defendants be required to set up their claims sought to be adjudicated, and for general relief. Copies of the bonds are attached to the amended bills as are also copies of the contract of sale referred to.

To the several amended bills of the complainants the defendant, American Surety Company of New York demurred and orally moved to strike paragraph nine of said bills, which was the last paragraph before the prayer, the motions being granted and the demurrers, as already noted, being overruled.

In its answer the defendant, American Surety Company of New York, admitted its organization, incorporation, and qualification to do business in Florida, that it was without knowledge of age of complainants and demanded strict proof thereof; denied the allegations averring that complainants were the wards of George W. Hayden appointed guardian of complainants and the other minors on August 30, 1912; that as a prerequisite a bond was required of the said Hayden in the sum of one thousand dollars; and that it was executed by him as principal and the said defendant as surety; averred lack of knowledge and demanded strict proof of the allegations averring the conditions of the guardianship bond and the breach of the terms thereof; answering the fourth paragraph of the amended bills the defendant admitted that on April 30, 1914, it executed a surety bond for George W. Hayden, as guardian of minors whose names are alleged in the said amended bill of complaint conditioned as averred therein, but says it is without

knowledge whether or not said land was sold by the guardian pursuant to an order of a court having jurisdiction or otherwise, and of the sums which came into the hands of the principal from the sale of said lands, if any, and neither admitting or denying averments thereof, prayed strict proof; it further denied knowledge of the death of the guardian or the manner of the termination of the said guardianship and demanded strict proof thereof; it denied that its principal failed to account for any sums of money which came into his hands as guardian from the sale of said lands, or otherwise, and avers to the contrary that the complainants have received and been paid in full all claims and demands they, or either of them, may have against the said George W. Hayden, as guardian, as aforesaid, and it as surety upon said bond; as to the fifth paragraph of said amended bill averring the contract of sale, and sale pursuant to order of court, of certain lands in Manatee County, as heretofore noted, it says it has no knowledge, neither admitting or denying same but demanding strict proof. It denies the breaches set up in the sixth paragraphs of the amended bills of complaint. As to the seventh paragraphs of the said amended bills of complaint it avers lack of knowledge of the death and testacy, or intestacy, of its principal, George W. Hayden and demands strict proof; and denies all the other alleged breaches of said bonds by said principal. As to the eighth paragraph of the said amended bills of complaint, it says it is without knowledge as to the interests of the defendant wards in the propery or the proceeds of the sale thereof or the claims or demands which defendants assert against it as surety upon said bonds attached to the said bill of complaint and, neither admitting nor denying same demands strict proof. And, further answering, avers that all claims or demands of complainants

24

were satisfied and discharged in full prior to the bringing
of these suits, and prays to be dismissed.

Decrees *pro confesso* were entered against the defendants,
Jessie P. Hayden, Allen Homer Hayden and J. Bruce Hay-
den.

The defendant, American Surety Company, leave of court
being first granted, amended its answer by adding certain
additional paragraphs. In the first of these, numbered IX,
in the suit brought by George Walton Hayden, it averred
that for several years prior to the death of the guardian,
George W. Hayden, he was without fortune or means which
were sufficient to support and rear the complainant in the
manner to which he was entitled, and being so without
funds he used for the maintenance and support of such
minor during his minority any and all funds remaining in
his hands as such guardian prior to his death and prior to
the institution of this suit and that such expenditures were
legal charges against the estate of complainant. Further
answering as to said five thousand dollars bond, that said
bonds was given as security that said guardian would
properly account for the proceeds of sale of certain lands
belonging in part to complainant, then a minor, said land
being described in said bond; that the property was
sold on May 2, 1914, for the sum of $13,600, payable as
follows, to-wit: $6,400 in cash and $7,200 payable on or
before five years after date and secured by a mortgage
covering said property; that the said mortgage was duly
paid to said guardian; that out of the proceeds of said sale
the complainant was entitled to the sum of $3,400 being
a one-fourth part thereof; that on May 5th, 1914, the guard-
ian properly accounted for the proceeds of said sale belong-
ing to the complainant by investing same for him in real
estate in Manatee County, Florida; that said real estate in

Manatee County was duly conveyed to said complainants, by warranty deed dated May 5th, 1914, for a consideration of $6,500, which consideration was paid in equal portions with the funds belonging to said complainant and his sister, Marion Elizabeth Hayden, thereby fully satisfying the conditions of said bond; that said land so purchased with the funds of said minor is the same land afterward sold by said guardian to the Manatee County Fair Association as set forth in the bill of complaint and that said investment of such funds was ratified and acquiesced in by the defendant (complainant) after his majority, and that defendant (complainant) with knowledge of the above facts ratified same by filing his bill of complaint herein after his majority, claiming his share of the proceeds of the sale of said Fair property to the said Fair association; that in the amendment to the answer of said defendant surety company to the amended bill of complaint of the complainant, Marion Elizabeth Hayden, in addition to averments similar to those in the amended answer to the amended bill of complaint of the defendant, George Wilson Hayden, applicable to her it avers that she should not be allowed to prosecute her claim against said surety company, defendant, because of laches in presenting her claim.

Testimony was taken before Honorable W. T. Harrison, Judge of the Circuit Court in and for Manatee County, who in his final decree of January 6th, A. D. 1932, consolidated the two suits without objection of any of the parties thereto, found the court had jurisdiction of the parties and the subject matter of the consolidated causes; that the equities were with the complainants, respectively; that the guardian, G. W. Hayden, received as such guardian for the complainant, Marion Elizabeth Hayden, the sum of $3,400.00, plus interest of $407.00 and that of such sum he has failed to

account for the sum of $1,673.27; that said complainant is entitled to interest on said sum of $1,673.27 from the date of the filing of the last annual returns of said guardian, to the date of the death of said guardian amounting of $334.62, making a total sum of $2,007.89; that said complainant do have and recover of and from the defendant American Surety Company of New York, the sum of $2,007.89; that execution issue therefor; that the guardian, G. W. Hayden, received as such guardian for the complainant George Wilson Hayden the sum of $3,400.00, plus interest of $407.00, and that of such sum he has failed to account for the sum of $2,918.77; that said complainant is entitled to interest on said sum of $2,918.77 from the date of the filing of the last annual returns of said guardian to the date of the death of said guardian amounting to $630.00, making a total sum of $3,548.77; that said complainant do have and recover of and from the defendant, American Surety Company of New York, the sum of $3,548.77; that execution issue therefor; and that costs be paid by the defendant.

On January 25th, 1932, the defendant, American Surety Company of New York, entered its appeal assigning the following errors:

(1) The court erred in overruling the defendant's demurrer to the second amended bill of complainant, by order dated July 15th, 1931 (Case No. 3802).

(2) The court erred in overruling defendant's demurrer to the second amended bill of complainant, by order dated July 15th, 1931 (Case No. 3803).

(3) The court erred in decreeing judgment against the defendant, and in favor of George Wilson Hayden, by decree dated January 6th, 1932 (consolidated causes).

(4) The court erred in decreeing judgment against the

defendant, and in favor of Marion Elizabeth Hayden, by decree dated January 6th, 1932 (consolidated causes).

(5) The court erred in entering final decree against the defendant, dated January 6th, 1932 (consolidated causes).

The complainants on March 22nd, 1933, filed their cross assignments of error, as follows:

(1) That the court erred in its determination as to the amount complainants were respectively entitled from the guardian at the time of his death, in that the court failed to allow interest upon annual balances in the hands of the guardian from year to year as shown by the disbursements made by said guardian annually upon behalf of said complainants, respectively, and thereby finding in behalf of said complainants, respectively, a lesser amount, respectively, as against the defendant, American Surety Company of New York, than that to which they were respectively entitled.

(2) The court below erred in its findings of the amounts due the respective complainants, Marion Elizabeth Hayden and George Wilson Hayden, by the defendant American Surety Company of New York, in that the court failed to charge the guardian with interest on annual balances in the hands of the guardian, or which should have been in the hands of the guardian, from the year 1914 to the date of the death of the guardian on August 31st, 1926.

(3) The court below erred in failing to allow to the complainants, respectively, Marion Elizabeth Hayden and George Wilson Hayden, interest at the legal rate upon the amount owing by the guardian to them at the time of his death, from the time of the institution of said suits against the American Surety Company of New York, until the date of said final decree, in the proper portion, as against the defendant, American Surety Company of New York.

(4) The court below erred in holding that the defendant American Surety Company of New York, was entitled to credit for disbursements made by the guardian out of the corpus of the estates of said wards, respectively, as against the claims of complainants, respectively, which disbursements were made without an order of the court therefor.

(5) The court erred in finding that the amount which the said guardian received as such as the estate of said wards, respectively, in that the record affirmatively shows that said guardian received in addition to the amounts found by the court the further sums of $150.00 belonging to each of said wards, respectively.

The facts in the causes show that George W. Hayden, the father of five minor children, Jessie P., J. Bruce, Allen Homer, Marion Elizabeth, and George Wilson, of the respective ages of 20, 18, 11, 8, and 3, was by the County Judge of Manatee County appointed guardian of the estate of said minors, August 20th, 1912, and upon said date duly qualified taking oath and executing bond in the sum of $1,000 as principal, his surety being American Surety Company of New York, a corporation, the condition of said bond being for the faithful preservation of the estate of said minors, to make annually, on or before the 1st day of June, and at all times when required, during the continuance of said guardianship, render to and file in said court an inventory of said estate, its profits and disbursements, and all the rest and residue of the goods, chattels and credits which shall be found remaining upon said guardian's account, the same being first examined and allowed by said court, and shall deliver and pay to such person or persons, respectively, as the said court by its order and decree shall appoint and direct. He took the required oath and letters

·of guardianship, thereupon, on said day, were duly issued to him.

The only reason set forth by George W. Hayden for his appointment as guardian as aforesaid was that the minors were the grandchildren and heirs of Suzan D. Hayden, deceased, and were interested in certain property situated in Hillsborough County, Florida.

By guardian's deed, dated May 2nd, 1914, the guardian deeded to J. C. Tims, and others, the interest of all of the children, except that of Jesse P. Hayden, who at the time of said deed had attained his majority, to-wit: a four-fifths interest in certain property situated in Hillsborough County, Florida, receiving therefor cash in the sum of $6,400, and mortgage for the balance of $7,200, $1,600 of said cash payment being held for a time in a bank awaiting result of a suit to quiet title. The mortgage indebtedness was duly paid and satisfaction dated May 10th, 1917, given by the guardian therefor.

Prior to the sale of said minors' interest in the property the guardian applied to the Circuit Court in and for Hillsborough County for leave to sell such interest and the court authorized and, thereafter, confirmed such sale and pursuant to its order of confirmation of sale, he executed, April 30th, 1914, with the defendant American Surety Company of New York, as surety, bond in the sum of $5,000 conditioned that said guardian should properly account for the pay-over when legally required so to do, the proceeds of said sale.

The guardian does not appear from the record to have made any inventory or return other than as follows: A paper purporting to be filed in 1915 in the estate of said minors; marked "Examined and approved this 26th day of August, 1915, H. S. Glazier, County Judge," in which is noted:

| | | |
|---|---|---|
| Cash received 1912 | $750. | |
| Cash received May 2, 1914 | 5025. | $5,775. |

Amounts paid:

| | | |
|---|---|---|
| May 5, 1914, Attorney's fees | $77.71 | |
| Dec. 8, 1914, Attorney's fees | 148.49 | |
| May 16, 1914, John L. Brand | 58.50 | |
| May 16, 1914, C. B. Parkhill | 91.82 | 277.52 |

and a paper purporting to be "1923 annual return" in the matter of the Estate of Marion and George Hayden, minors, sworn to January 31, 1924, by G. W. Hayden as a true return of all moneys received and paid out by him as guardian for such minors, and endorsed: "Examined and approved this 31st day of January, 1924, W. H. Tucker, County Judge." This accounting shows:

Amounts received:

| | | |
|---|---|---|
| 1917, Jan. 1, | | $4241.00 |

Amounts paid:

| | | |
|---|---|---|
| 1917 from Sept. 1 to 1923, Nov. 18, to Marion Hayden, | $1365.50 | |
| 1921, Dec. 10, to 1923, July 2, to George Hayden, | 170.00 | |
| 1915, Jan. 17, to 1920, July 29, City taxes | 1158.94 | $2694.44 |

| | | |
|---|---|---|
| Balance on hand | | $1546.56 |

Certain checks accompany this report each to the order of "cash," all aparently paid, each signed and endorsed, "G.

W. Hayden," dated, and for the following sums, respectively, Dec. 18, 1922, $300; Dec. 23, 1922, $200; Dec. 26, 1922, $100.; Dec. 30, 1922, $100.; Feb. 15, 1923, $100.; Sept. 8, 1923, $50., for all of which, apparently are corresponding charges to the minor, Marion Hayden.

In the record appears a deed dated April 23, 1903, from one Curry, as Special Master, to M. P. Hayden, the consideration being $565.00 as recited therein conveying 1.31 acres of land in Manatee County. In the record also appears a deed dated July 15, 1905, from one McKee and husband to Mary P. Hayden, for the recited consideration of one dollar, of 5 acres of land. As nearly as we can determine, this last piece lies just east of the first piece so as to make the two pieces a rectangle containing 6.31 acres. Presumably, M. P. Hayden and Mary P. Hayden are one and the same person. On May 5th, 1914, as shown by the record, Mary P. Hayden and her husband George W. Hayden deeded to Marion Elizabeth Hayden and George W. Hayden, their minor children, for the recited consideration of $6500, the acreage above noted and testified to as the home place in Manatee county. This is doubtless the property referred to in the letter to Mr. McKay from the guardian dated June 1st, 1914, as there is no evidence of any other property and it is the same property referred to by the guardian's sister-in-law when in answer to the question, "Did Dr. Hayden ever tell you what he was doing with the money that belonged to his younger children?" She said, "No, he spoke of using the money you know when he got it; it seems as though about that time he got some money and he said that that was his younger children's money but *he said he was going to use it and deed them the home"* (italics ours), and further: Question.—"You say he told you he was going to deed the home to his younger children

for their money?" Answer.—"Yes, for their money." There was no order of court authorizing or ratifying such action upon the guardian's part nor does it appear that Mary P. Hayden personally benefitted by the transfer.

On September 6th, 1921, after order of the County Judge, authorizing sale, George W. Hayden, as guardian of the estate of Marion Elizabeth Hayden and George W. Hayden, deeded to the Manatee County Fair Association, for the recited consideration of $558.60, with notes aggregating $3,441.40, secured by mortgage, the home property theretofore deeded to said minors by the guardian and his wife. Apparently no bond was executed at this time for the proper preservation and disbursement by the guardian of these amounts.

In her testimony Marion Elizabeth Hayden testified that items, save those evidenced by checks in guardian's return filed in 1924, charged against her are correct. Though Miss Hayden makes this statement she says her father and guardian made no accounting with her nor was there any payment by him or anyone for him to her or anyone for her. He aparently used up her portion of the estate, with the exception, hereafter, immediately noted. Later, on cross examination, she says she received the benefit of the payments to her in the return of 1923, except the amount evidenced by the checks for $850.00 already noted. She says since she was 18 years old she has made her own living.

At the time of the guardian's death he left no estate and only his office equipment, of the value of approximately $50.00 and, for some years he had been in failing circumstances.

George Hayden testified he received no moneys from his father.

Except the foregoing returns there was no evidence of payment or accounting by the guardian.

Decrees *pro confesso* were entered against the defendants, Jessie P. Hayden, J. Bruce Hayden and Allen Homer Hayden, the three older children of George W. Hayden, deceased.

The defendant American Surety Company of New York, the remaining defendant, has by appeal brought this cause before us for review. Errors have been assigned by it and by the complainants.

It is the duty of the appellant to point out to this Court the particular error of the lower court complained of. When it fails to do so, save in the general form adopted, such particular ruling will not be considered here, unless it is jurisdictional, or it appears on the face of the record as a fundamental error. Hoodless v. Jernigan, 46 Fla. 213, 35 So. 656; A. C. L. R. R. Co. v. Dees, 56 Fla. 137, 48 So. 28; Porter v. Parslow, 39 Fla. 50, 21 So. 547; Pugh v. State, 55 Fla. 150, 45 So. 1023.

The first two assignments may be considered together, as they are addressed to identical demurrers to identical bills of complaint, the one filed by George Wilson Hayden, the other by his sister, Marion Elizabeth Hayden.

At the outset we find the first ground of the demurrers to be that "said second amended bill of complaint is without equity;" so that, notwithstanding the merit, if any, or other grounds, if the bills contain equity and under them the complainants may respectively obtain relief, the lower court correctly overruled the demurrers. As has been seen, these bills set up a state of facts showing a dissipation of their estates held by their guardian, who is now deceased, who dies intestate without means or property, and without having ever accounted to them or either of them for such

estate. The relation existing between the guardian and his wards, the complainants, was in the highest sense a trust relation, he held this estate as a trust for his children. While action might have been taken by his former wards in the Court of the County Judge of Manatee County, in view of the conditions averred in the bills of complaint and admitted by the demurrers, it would not be full, adequate and complete, the law court being limited in its powers. In a relation existing from August, 1912, to the date of the death of the guardian in August, 1926, the terms of account must have been many and this we think may be fairly inferred from the bills of complaint. We cannot say that the only items are those respecting the several sales of the Hillsborough and Manatee properties. A careful consideration of these bills of complaint convinces us that they contain equity and that the Chancellor correctly overruled the demurrers. The reason that suit is brought against the surety without joining the principal or his legal representative is sufficiently shown in the bills of complaint. Had the guardian been living, or had he left an estate the contention of the defendant, as to parties defendant, would have been well taken, but when he is dead and is without any estate, the addition of a legal representative would be a useless proceeding. Parker's Heirs v. Irby, 9 Baxter (Tenn.) 221. The Florida cases cited by appellant have to do with a living guardian, or where, if deceased, he has left property. The jurisdiction of the lower court to adjudicate such matters, is sustained by the Florida authorities cited by appellees— Hendry v. Clardy, 8 Fla. 77; Linton v. Walker, id., 144; Pfeiffer & Sullivan v. Knapp, 17 Fla. 144; May and Pasco v. May, 19 Fla. 373, Pace v. Pace, 19 Fla. 338.

The question of laches has been raised in the amended answer to the amended bill of complaint of the complainant,

Marion Elizabeth Hayden, and it is urged strenuously in the brief of counsel for appellants'. This Court has in numerous decisions pointed out what it has considered laches. It has said, however, that the application by the courts of the doctrines of laches depends upon the circumstances of each particular case. Anderson v. Northrup, 30 Fla. 612, text 941, 43 So. 586. Probably it has no more clearly stated the doctrine of laches than in the case of Geter v. Simmons, 57 Fla. 423, 49 So. 131, where a resulting trust was sought to be raised. At the start it must be remembered that the guardian in this case was the father of these complainants. When the transactions occurred covering the sale of the Hillsborough land and the purchase of the Manatee land, these children were of immature years and could not be charged with such notice thereof as to make any action at the time, or prior to the time at which they took action, so incumbent upon them that their failure would prevent them from the present assertion of their rights. While it is true that if the complainant, Mary Elizabeth Hayden, who became of age shortly before her father's death, had brought suit in his lifetime there would have been opportunity for him to testify, there was no such notice brought home to such complainant as would make this imperative. Again it was the duty of the guardian to make such accountings to the county judge as would have fairly and fully disclosed his transactions with his wards. This he did not do. His surety is in no better position before a court of equity than he would be, were he alive. There has been no reason shown in the record why the surety did not make an examination of the acts of such guardian and obtain from him a full disclosure, and it will not now be heard to urge laches upon the part of either complainant, when its own laches are so apparent.

The appellant has failed to show any sufficient ground for a reversal.

We will consider together the cross assignments and whether the Chancellor correctly found the amounts due the complainants:

The defendant says that the record shows there was a reinvestment of the proceeds of the sale of the Hillsborough County lands in lands in Manatee County, a subsequent sale of such Manatee County lands, and that the complainants having asked for the proceeds of the Manatee County lands, they have ratified the act of the guardian in reinvestment of the funds, and, that, as to the five-thousand-dollar bond it is not liable thereon; that the Chancellor has failed to allow any support money for the care and maintenance of the said minors; and that he has likewise failed to allow any compensation to the guardian for his services. Answering the last two contentions, the evidence fails to disclose any application by the guardian for the use of any portion of the estate of either ward, nor, except a generally impecunious condition, does the evidence show any reason why he was not able to support his children, thus performing the duty cast upon him by law. In Osborne v. Van Horn, 2 Fla. 360, we held: "if there is a necessity for breaking in upon the capital of an infant for his maintenance, the proper course is first to apply to the Court for its sanction. If, however, this course is not adopted, disbursements beyond the income are at the peril of the guardian, and he is bound, before he obtains an allowance, to show a state of facts, demanding and justifying them and should produce the vouchers, etc., of his expenditures." The surety is not entitled to a credit for the maintenance of the ward, where the guardian, who was a parent of the ward, made no claim

therefor during his or her lifetime. 28 Corpus Juris, Sec. 501, page 1298.

As to the failure to allow compensation, we hardly think that a Chancellor under the facts as shown by this record would have been justified in making any such allowance, so grave and continuous are the breaches of duty of the guardian affirmatively shown.

Now, as to the question of the release from liability because of the alleged reinvestment of the proceeds of the Hillsborough lands in those in Manatee County for the complainant infants, the subsequent sale of such Manatee lands, and the prayer of the complainants for such proceeds. Primarily, it appears that the Chancellor made no part of these proceeds a part of the principal amount found by him. Should he have done so? At the threshold, that any part of these proceeds were thus reinvested rests upon inference and heresay, the letter to Mr. McKay, vaguely referring to such reinvestment and the testimony of Mrs. Tyler that he was going to use it (the younger children's money) and buy them a home. Now this Hillsborough County property was sold in May, 1914, the guardian conveying a four-fifths undivided interest, being the interests of all of his wards, his oldest child having attained his majority at this time and separately conveying his interest. The guardian received $6400 and the deferred payment was represented by notes aggregating $7200 secured by a mortgage. The mortgage indebtedness bore interest and in three years was paid, the guardian satisfying it in May, 1917. In the same month in which this property was sold, the deed being three days thereafter, what apears to have been a conveyance, for a recited consideration of $6500 was made of certain property referred to as the "home place" and apparently belonging to the mother of said wards, to the two youngest children.

The gross amount at the time of such sale of the Hillsborough County land coming to the youngest children, the complainants herein, from the cash received by the guardian was one-half of $6400, or $3200, and not until three years after was their estate increased from this sale by payment of the $3600, with interest. Where did this $6500 come from? The complainants certainly had no such sum. The guardian had no right to so dispose of their money. There was no authority given for such investment, nor any ratification by the court of the action of the guardian. The record does not show the slightest change in the matter of the possession of the "home place" in Manatee County and where the consideration for the Manatee property went is not made known. The property as shown by the record did not belong to the guardian. If Mary P. Hayden, the owner of said property, ever received any portion of it the record is silent upon the subject. She has not been made a party to these proceedings and is in no manner bound by the decree herein. The value of the property, except years afterward, is not shown. This investment, if investment it was, was a matter apparently handled entirely by the guardian, upon his own responsibility, and the Chancellor did well to disregard it. We have not overlooked the fact that the deed of the Manatee County property to the Manatee Fair Association recites the authorization of the County Judge's Court of that county to make the sale, but, even so, we do not think that this fact prevents the complainants from insisting upon the proper disbursement of the fund belonging to them received from the sale of the Hillsborough County property, nor do we think their attempt to follow such fund through such unauthorized purchase of the Manatee County property releases the defendant surety.

The defendant surety says that the returns show that

large sums were expended for the complainant Marion Elizabeth Hayden and that she had admitted the correctness of certain charges. In the last of the only two returns made by the guardian, that were filed in January, 1924, and covering a period of time from January 1st, 1917, to November 18th, 1923, the guardian charges his daughter and ward, the complainant, Marion Elizabeth Hayden, with $1371, of this amount copies of six paid checks, aggregating $850, were introduced. These were payable to "cash" and endorsed by the guardian. In the testimony she stated that those items charged against her in this return, save the checks were correct, to-wit: the aggregate sum of $515.50, but she disavowed receiving the proceeds of the checks. In the entire record this appears to be the only statement of the correctness of any return by the guardian, and this is shaken by her further testimony. If proper to charge her with this amount, it should have been considered by the Chancellor.

We turn now to the cross-assignments of error. It will have been noted that the Chancellor found for the complainant Marion Elizabeth Hayden "$3400, plus interest $407, failed to account for $1673.27 with interest on $1673.27 from date of filing the last annual returns of guardian to date of death of guardian amounting to $334.62, making a total of $2007.89," and for the complainant George Wilson Hayden "$3400, plus interest $407, failed to account for $2918.77, interest on $2918.77 from date of filing the last annual returns of guardian to date of death of guardian amounting to $630, making a total of $3548.77."

There were two bonds', the earlier, in the penal sum of one thousand dollars and covering the entire administration of the estate, the latter, in the penal sum of five thousand dollars and covering the proper accounting for the pay-over

in the matter of the sale of the Hillsborough County lands. According to the record the guardian received on account of all of his children and wards in 1912, the sum of $750, of which complainants' two-fifths portion would be $300; on or about May, 1914, on account of four of his children because of the sale of the Hillsborough County property $6400, of which complainants' portion would be one-half, or $3200, three years thereafter the principal sum of $7200, with interest at 8 per cent from May 2, 1914, of which the complainants' portion was one-half, or, principal $3600, with interest $864, making a total of $4464, or $2232, each. Disregarding the so-called "investment" in the Manatee County land, we have total receipts for complainants to May 10, 1917, the date of the satisfaction of the Hillsborough County mortgage of $7100, principal, and $432, interest, or a gross sum, principal and interest, of $7532. In his returns filed for four of his children, approved by the county judge, August 26th, 1915, he says he has received, in 1912, $750 and May 2, 1914, $5025, a total of $5775, and credits himself with various items aggregating $277.52. His next return, approved January 31, 1924, by the county judge shows "amounts received $4241." There is no particularization or itemizing of the amounts, nor any information as to how and from what source they were received. And he credits himself with various items from September 1st, 1917, to November 18th, 1923, as having been paid to Marion Hayden, $1365.50, as having been paid to George Hayden, $170, for city taxes, $1158.94, a total of $2694.44, which deducted from receipts of $4241 leaves a balance of $1546.56. There appear no returns covering the years between the two returns, nor any since. The total receipts acording to the returns aggregate $10,016, and the total credits claimed $2971.96, leaving a balance admitted by the

guardian in his return as having been received, unaccounted for, of $7044.04. So irreconcilable without any sufficient explanation in the record, are these figures with the others shown in the record, that we cannot rely upon them. As to the amounts received from the sale of the Hillsborough County land. On May 10th, 1917, the proportions principal and interest received by the guardian was $3832, for each of the complainants. The return filed on behalf of the guardianship of the estates of these complainants in 1924 and purporting to cover the time from January 1st, 1917, to November 18th, 1923, asks credit for $1158.88 for city taxes. This, so far as the record shows, could only be as against the Manatee County land, should not have been allowed and is no proper charge against the complainants. The record showing that the complainant, Marion Elizabeth Hayden, did not receive the amounts set forth in the checks of $850, and there being no proof that the amounts received by the guardian were expended on her behalf, this amount should not be charged against her. The only amounts, therefore, properly allowable to be credited the guardian are the several items mentioned in the first return aggregating $277.52, which, being spent for four wards, amounts, so far as complainants are concerned, to one-half this amount, or $138.76, the amount of advances account of Marion Elizabeth Hayden, $515.50, amount of advances account of George Wilson Hayden $170, or a total of $685.50.

We think a strong presumption arises from this record that the guardian used his wards' estate, so far as these complainants are concerned, and because he did so, we feel that he should be chargeable with interest upon the annual balances in accordance with the statute, Section 3973, Revised General Statutes of Florida, 1920, Section 5893, Compiled General Statutes 1927, which provides in part: "When

the guardian retains the money (of his infant ward) on interest himself the same rule shall be observed, the interest being added to the principal annually." Gray v. Whidden, 64 Fla. 295, 59 So. 896.

As to the complainant Marion Elizabeth Hayden, the Chancellor should have found in addition to the principal sum of $3400, the principal sum of $150 (her portion of the $750, reported in first accounting) and interest upon the deferred payment of $1800 in the sum of $432. He should have deducted one-fourth of the amounts paid as shown by first report, to-wit: $69.38, and the amount of $515.50, shown by the record to have been advanced on her account, allowing interest upon annual balances to death of guardian. As to complainant, George Wilson Hayden, the Chancellor should have found in addition to the principal sum of $3400, the principal sum of $150, his proportion of the $750, reported in the first accounting, and interest upon the deferred payment of $1800, in the sum of $432. He should have deducted one-fourth of the amount paid as shown by the first returns, to-wit: $69.38, and the amount of $170.00 shown by the record to have been advanced on his account, allowing interest upon annual balances to death of guardian, with interest upon principal sum due from that time to commencement of suit.

In no event is the sum of $6000 to be exceeded and should the gross amount due both complainants exceed that sum, each complainant is to receive his, or her, proportionate share.

We are unable to agree with counsel for complainants as to their contention as to interest from the time of the institution of the suit to the final decree should such interest cause the total to exceed the sum of $6000, the gross penalty of the several bonds.

Let this cause be remanded with instructions to the lower court to amend its decree in conformity with this opinion.

Affirmed in part and reversed in part and remanded.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.

ELLIS, J., disabled by illness when this case was submitted.